KEVIN K. CHOLAKIAN (S.B. # 103423)
VIVIAN L. LERCHE (S.B. # 149984)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Telephone: (415) 467-8200
Facsimile: (415) 467-8206
kcholakian@cholakian.net
vlerche@cholakian.net

Attorneys for Defendant
SAN FRANCISCO HOUSING AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually,<br><br>Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO HOUSING AUTHORITY,<br><br>Defendants. | Case No.: CV 07-6209 MJJ<br><br>**DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S NOTICE OF MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]**<br><br>Date: April 1, 2008<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |

TO PLAINTIFFS AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 1, 2008, at 9:30 a.m., or soon thereafter as counsel may be heard, in Courtroom 11 of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, Defendant San Francisco Housing Authority will move and

does hereby move for dismissal, with prejudice, of Plaintiffs' Third and Fourth Claims for Relief in their First Amended Complaint. This Motion is brought pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure on the following grounds:

1. The Third Claim for Relief alleging violation of the California Fair Housing and Employment Act is barred by the provisions of California Government Code section 954.6;

2. The Fourth Claim for Relief alleging violation of the California Unruh Act is barred by the provisions of California Government Code section 954.6;

3. No leave to amend should be granted as to Plaintiff's Third and Fourth Claims for Relief cannot be cured by amendment, and should be dismissed for failure to state a claim, with prejudice.

This Motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Court file in this action, and such other evidence or memoranda as may be received by the Court at or in connection with the hearing of this Motion.

DATED: February 15, 2008                          CHOLAKIAN & ASSOCIATES


                                                  By:_____/S/_____
                                                     Kevin C. Cholakian
                                                     Vivian Leung Lerche
                                                  Attorneys for Defendant
                                                  SAN FRANCISCO HOUSING AUTHORITY

| *Ahsan Khan et al. v. San Francisco Housing Authority* | U.S. District Court, Northern District of California; Case No. CV 07-6209 MJJ |
|---|---|

# PROOF OF SERVICE

I, the undersigned, hereby declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. My business address is 5 Thomas Mellon Circle, Suite 105, San Francisco, California 94134. I am employed in the County of San Francisco where this service occurs. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U. S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served or caused to be served the within:

**DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]; notice, P&A, Order**

on the interested parties to this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| D. Scott Chang, SBN 146403<br>Mary J. Hahn*<br>John P. Relman*<br>Relman & Dane, PLLC<br>1225 19th Street, N.W., Suite 600<br>Washington, DC 20036-2456<br>Telephone: (202) 728-1888 / Fax: (202) 728-0848<br>schang@relmanlaw.com | Attorneys for **Plaintiffs**<br>AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually |
| M. Julie Patino, SBN 250375<br>Ernest Saadiq Morris*<br>Adam J, Zapala, SBN 245748<br>Bay Area Legal Aid<br>2 West Santa Clara Street, 8th Floor<br>San Jose, CA 95113<br>Telephone: (408) 283-3700 / Fax: (408) 283-3750<br>Jpatino@baylegal.org | |

☒ (BY MAIL) I sealed the envelope(s), with postage thereon fully prepaid, and on the date below, following ordinary business practices, I placed it for collection and mailing in the United States Postal Service, in San Francisco, California.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service is made.

Executed on **February 15, 2008**, at San Francisco, California.

*Jose Sarmiento*

KEVIN K. CHOLAKIAN (S.B. # 103423)
VIVIAN L. LERCHE (S.B. # 149984)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Telephone: (415) 467-8200
Facsimile: (415) 467-8206
kcholakian@cholakian.net
vlerche@cholakian.net

Attorneys for Defendant
SAN FRANCISCO HOUSING AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually,<br><br>Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO HOUSING AUTHORITY,<br><br>Defendants. | Case No.: CV 07-6209 MJJ<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT<br>[FED.R.CIV.P. RULE 12(b)(6)]<br><br>Date: April 1, 2008<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF
IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]

CASE NO. CV 07-6209 MJJ

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. JURISDICTION AND SCOPE ............................................................................................ 2

III. ARGUMENT ........................................................................................................................ 3

    A. PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT MUST BE DISMISSED AS THIS CLAIM IS BARRED BY THE PROVISIONS OF CALIFORNIA GOVERNMENT CODE SECTION 945.6 .................................. 3

    B. PLAINTIFFS' FOURTH CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA UNRUH ACT MUST BE DISMISSED AS THIS CLAIM IS BARRED BY THE PROVISIONS OF CALIFORNIA GOVERNMENT CODE SECTION 945.6 ........................................................................................................ 5

IV. CONCLUSION .................................................................................................................... 6

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF
IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]

i

CASE NO. CV 07-6209 MJJ

# TABLE OF AUTHORITIES

*Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ......................................................... 6
*County of Los Angeles v. Superior Court*, 127 Cal. App. 4th 1263 (2005) ..................... 4,6
*Darulis v. Garate*, 401 F.3d 1060 (9th Cir. 2005) ............................................................. 3,6
*Deutsch v. Turner Corp.*, 324 F.3d 692, 716-717 (9th Cir. 2003) ..................................... 3,6
*Edgington v. County of San Diego*, 118 Cal. App. 3d 39 (1981) ................................... 4,5,6
*Foman v. Davis*, 371 U.S. 178, 182, 82 S. Ct. 227, 230 (1962) ............................................ 6
Javor v. Taggart, 98 Cal. App. 4th 795 (2002) ..................................................................... 4,6
*Smith v. City and County of San Francisco*, 68 Cal. App. 3d 227 (1977) ..................... 4,5,6

## STATUTES

28 U.S.C. §§1331 .................................................................................................................. 2
28 U.S.C. §§1367 .................................................................................................................. 2

California Government Code §945.6 ................................................................................ 3,4,5

California Fair Housing and Employment Act ................................................................. 2,3,5,6
California Government Claims Act .................................................................................... 2,5,6
California Unruh Act ............................................................................................................... 4
California Tort Claims Act ...................................................................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF
IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]

ii

CASE NO. CV 07-6209 MJJ

# I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs filed their original Complaint on December 7, 2007. (SFHA requests that this Court take judicial notice of Plaintiff's original Complaint, filed on December 7, 2007.)

A First Amended Complaint was filed on January 4, 2008 and alleges Four Claims for Relief. (SFHA requests that this Court take judicial notice of Plaintiff's First Amendment Complaint, filed on January 4, 2008.)

In their First Amended Complaint, Plaintiffs allege that Defendant San Francisco Housing Authority ("SFHA") engaged in discriminatory acts by failing to take reasonable steps to protect Plaintiffs from harassment on the basis of race, religion and national origin. SFHA denies these allegations and contends that it has taken reasonable steps to address and prevent any racial, ethnic and religious harassment against its residents.

In particular, Plaintiffs allege a number of incidences which occurred at the time that they moved into Potrero Terrace. (Plaintiffs' First Amendment Complaint ("FAC") at ¶¶18-21, p. 7, lines 1-15.) These alleged acts, albeit rude, were facts of life and did not result in any request by the Plaintiffs to be relocated from their residence at Potrero Terrace. Subsequently, Plaintiffs were allegedly burglarized and many of their personal possessions were taken. (FAC at ¶22, p. 7, lines 18-20.) Like most burglaries, the perpetrators ransacked the premises and the Plaintiffs' personal property in their quest for items of value to steal. (FAC at ¶22, p. 7, lines 18-20.) While this burglary, like all burglaries, is not a small matter, it also does not rise to the harassment and discrimination alleged by Plaintiffs. They are not victims of a "hate crime" but, instead, they are victims of a crime of opportunity as the burglars broke in to steal valuable items, including their jewelry, while they were away from the premises.

While the burglary was an unfortunate event, the SFHA did not engage in any discriminatory act by not immediately uprooting this family of nine and relocating them to different premises, particular in light of the fact that a three-story, five-bedroom, apartment cannot be easily located in the City and County of San Francisco.

Indeed, the United States Department of Housing and Urban Development ("HUD") conducted an investigation and issued a "no probable cause" determination on or about July 19, 2006 expressly finding that reasonable cause does not exist to believe that a discriminatory housing practice had occurred. (FAC at ¶52, p. 16, lines 20-22.)

More importantly, for purposes of this Motion, Plaintiffs admit that they filed a tort claim with the San Francisco Housing Authority ("SFHA") and that this claim was rejected on May 3, 2006. (FAC at ¶53, p. 17, lines 7-10.)

The Plaintiffs' First and Second Claims for Relief are alleged pursuant to Federal law (FAC at ¶¶61-64, p. 19, lines 5-18, and p. 20, lines 1-9.) and, as such, are not the subjects of this Motion.

In contrast, the Third and Fourth Claims for Relief are alleged under California law. The Third Claim for Relief is pursuant to the California Fair Employment and Housing Act. (FAC at ¶¶65-66, p. 20, lines 10-22, p. 21, lines 1-4.) The Fourth Claim for Relief is pursuant to the California Unruh Act. (FAC at ¶¶67-68, p. 21, lines 5-12.) Accordingly, California State law governs these claims and, in particular, the provisions of California Government Code section 945.6 apply to bar the Third and Fourth Claims for Relief.

## II.

## JURISDICTION AND SCOPE

The Court has subject matter jurisdiction over the Federal claims in this action (the First and Second Claims for Relief) pursuant to 28 U.S.C. §§1331 and may exercise its discretion to retain pendant or supplemental jurisdiction over the State law claims (the Third and Fourth Claims for Relief). *See* 28 U.S.C. §§1367.

\\
\\
\\
\\
\\
\\

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF
IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]

2

CASE NO. CV 07-6209 MJJ

# III.

# ARGUMENT

### A. PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT MUST BE DISMISSED AS THIS CLAIM IS BARRED BY THE PROVISIONS OF CALIFORNIA GOVERNMENT CODE SECTION 945.6

California Government Code section 945.6, subdivision (a)(1) provides, in relevant part, as follows:

> "(a) . . . any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced:
>
> (1) If written notice is given in accordance with Section 913, not later than **six months** after the date such notices personally delivered were deposited in the mail." (Emphasis added.)

Cal. Gov't Code §945.6(a)(1).

A Federal district court within California will apply California State law to dismiss a claim made pursuant to a California statute in a case where that claim is barred by a California statute. *Deutsch v. Turner Corp.*, 324 F.3d 692, 716-717 (9th Cir. 2003). As a general rule, a Federal court sitting in California will not hear claims that a California State court will not hear because the claims are brought too late under California law. *Id.* at 717.

There is ample California authority to show that the Plaintiffs' alleged state law claims are barred by the provisions of California Government Code section 945.6.

For example, in *Darulis v. Garate*, 401 F.3d 1060 (9th Cir. 2005), the Ninth Circuit Court of Appeals affirmed the district court's grant of defendants' motion to dismiss because the six-month statute under California Government Code section 945.6 had run. *Id.* at 1062.

Similarly, in an action on a tort claim against the City and County of San Francisco, which was commenced six months and one day after notice of the City's rejection of the claim was deposited in the mail, the California appellate court upheld the trial court's grant of the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF
IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]

3

CASE NO. CV 07-6209 MJJ

City's motion for summary judgment on the ground of untimely filing of the action in accordance with California Government Code section 945.6, subdivision (a)(1), which provided that if a claim is rejected, an appropriate action must be commenced "not later than six months after the date such notice [of rejection] is personally delivered or deposited in the mail." *Smith v. City and County of San Francisco*, 68 Cal. App. 3d 227 (1977).

Likewise, in *Edgington v. County of San Diego*, 118 Cal. App. 3d 39 (1981), the appellate court affirmed the trial court's granting of the county's motion for summary judgment in a tort action against it on the ground the complaint was barred under California Government Code section 945.6, subdivision (a)(1), which requires such an action to be commenced not later than six months after the date notice of rejection of the plaintiff's claim where the notice of rejection had been duly deposited in the mail six months and one day prior to the filing of the complaint. *Id.* at 41-43. Citing *Smith v. City and County of San Francisco, supra*, the *Edgington* court emphasized that the prescribed statute of limitations, such as section 945.6, for the commencement of actions against governmental entities "are mandatory and must be strictly complied with..." *Id.* at 46; *accord, County of Los Angeles v. Superior Court*, 127 Cal. App. 4th 1263 (2005) [alleged childhood sex abuse victim's personal injury suit against a county was time-barred by the California Tort Claims Act because it was not commenced within six months after the county mailed its notice rejecting the victim's claim, as required by Gov C § 945.6].

The reasons behind the requirement of strict compliance with California Government Code section 945.6 is set forth in *Javor v. Taggart*, 98 Cal. App. 4th 795 (2002), as follows: Submission of a claim to a public entity pursuant to the California Government Claims Act is a condition precedent to a civil action against the public entity or its employees and failure to present the claim bars the action, and California Government Code section 945.6 requires that a claimant file a civil action within six months after a public agency issues its decision. *Id.* at 804-806. Section 945.6, which requires suit within six months, is simply a separate freestanding special statute of limitations which applies when claims are presented to public

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF
IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]

4

CASE NO. CV 07-6209 MJJ

agencies; once a claim is presented, § 945.6 is the only statute of limitations which applies to that claim. *Ibid.*

In the case at bar, Plaintiffs bring their Third Claim for Relief pursuant to the California Fair Housing and Employment Act, a California statute. (FAC at ¶¶65-66, p.20, lines 10-22, p. 21, lines 1-4.)

Plaintiffs admit that they filed a tort claim with the SFHA and that this claim was rejected on May 3, 2006. (FAC at ¶53, p. 17, lines 7-10.) Accordingly, the six-month statute of limitations began to run on May 3, 2006 and claims brought under California State law were barred as of November 3, 2006. Yet, the Plaintiffs failed to file any Complaint until December 7, 2007. (SFHA requests that this Court take judicial notice of Plaintiff's original Complaint, filed on December 7, 2007.) Therefore, the state law claims had been time-barred for over a month before this lawsuit was brought by the Plaintiffs. The six-month statute of limitations prescribed by California Government Code section 945.6, is "mandatory and must be strictly complied with . . ." *Edgington, supra* at 46; *Smith v. City and County of San Francisco, supra* at 230.

Accordingly, as plaintiffs failed to bring this action within six months after their administrative claim against SFHA was rejected, this Court should dismiss Plaintiffs' Third Claim for Relief which was brought pursuant to California statute and, as such, is barred by the provisions of California Government Code section 945.6

**B. PLAINTIFFS' FOURTH CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA UNRUH ACT MUST BE DISMISSED AS THIS CLAIM IS BARRED BY THE PROVISIONS OF CALIFORNIA GOVERNMENT CODE SECTION 945.6**

For the same reasons as set forth above, the Plaintiff's Fourth Claim for Relief for violation of the California Unruh Act must be dismissed as this Claim is barred by the provisions of California Government Code section 945.6.

Plaintiffs bring their Fourth Claim for Relief pursuant to the California Unruh, a California statute. (FAC at ¶¶67-68, p.21, lines 5-12.)

1   Any claim against a governmental entity which is brought under California State law
2   must strictly comply with the six-month statute of limitations set forth in California Government
3   Code section 945.6. *Deutsch, supra* at 716-717; *Darulis, supra* at 1062; *Smith v. City and*
4   *County of San Francisco, supra* at 230; *Edgington, supra* at 46; *accord, County of Los Angeles*
5   *v. Superior Court, supra*; *Javor v. Taggart, supra* at 804-806.

6   However, Plaintiffs admit that they filed a tort claim with the SFHA and that this claim
7   was rejected on May 3, 2006. (FAC at ¶53, p. 17, lines 7-10.) Accordingly, the six-month
8   statute of limitations began to run on May 3, 2006 and claims brought under California State law
9   were barred as of November 3, 2006. Yet, the Plaintiffs failed to file any Complaint until
10  December 7, 2007. (SFHA requests that this Court take judicial notice of Plaintiff's original
11  Complaint, filed on December 7, 2007.) Therefore, the state law claims had been time-barred
12  for over a month before this lawsuit was brought by the Plaintiffs.

13  Accordingly, as Plaintiffs failed to bring this action within six months after their
14  administrative claim against SFHA was rejected, this Court should dismiss Plaintiffs' Fourth
15  Claim for Relief which was brought pursuant to California statute and, as such, is barred by the
16  provisions of California Government Code section 945.6.

## IV.

## CONCLUSION

19  For the foregoing reasons, this Court should dismiss Plaintiffs' Third Claim for Relief for
20  alleged violation of the California Fair Housing and Employment Act, and also dismiss
21  Plaintiffs' Fourth Claim for Relief for alleged violation of the California Unruh Act, with
22  prejudice.

23  No leave to amend should be granted as any attempt to amend would be futile since the
24  Plaintiffs cannot go back and change the time in which they filed their lawsuit as to make it
25  timely under the provisions of California Government Code section 945.6. *Foman v. Davis*, 371
26  U.S. 178, 182, 82 S. Ct. 227, 230 (1962). Where it is clear that the plaintiff's complaint cannot
27  be cured by amendments, leave to amend should be denied. *Adams v. Johnson*, 355 F.3d 1179,
28  1183 (9th Cir. 2004).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF
IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]

6

CASE NO. CV 07-6209 MJJ

Accordingly, Plaintiff's Third and Fourth Claims for Relief should be dismissed, with prejudice, for failure to state a claim.

DATED: February 15, 2008                             CHOLAKIAN & ASSOCIATES


                                                     By:        /S/
                                                         Kevin C. Cholakian
                                                         Vivian Leung Lerche
                                                     Attorneys for Defendant
                                                     SAN FRANCISCO HOUSING
                                                     AUTHORITY

```
KEVIN K. CHOLAKIAN (S.B. # 103423)
VIVIAN L. LERCHE (S.B. # 149984)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Telephone: (415) 467-8200
Facsimile: (415) 467-8206
kcholakian@cholakian.net
vlerche@cholakian.net

Attorneys for Defendant
SAN FRANCISCO HOUSING AUTHORITY
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually,<br><br>Plaintiff,<br>vs.<br><br>SAN FRANCISCO HOUSING AUTHORITY,<br><br>Defendants. | Case No.: CV 07-6209 MJJ<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT**<br>**[FED.R.CIV.P. RULE 12(b)(6)]**<br><br>Date: April 1, 2008<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |

The Motion of Defendant San Francisco Housing Authority to dismiss the Third and Fourth Claims for Relief in Plaintiffs' First Amended Complaint came on regularly for hearing before the court on April 1, 2008. After considering the papers and arguments raised, the Court grants Defendant's Motion to Dismiss, with prejudice.

The Court finds that Plaintiffs' Third Claim for Relief alleging violation of the California Fair Housing and Employment Act is barred by the provisions of California Government Code section 954.6.

1  The Court further finds that Plaintiffs' Fourth Claim for Relief alleging violation of the
2  California Unruh Act is barred by the provisions of California Government Code section 954.6.
3  Additionally, the Court finds that no leave to amend shall be granted as to Plaintiff's
4  Third and Fourth Claims for Relief cannot be cured by amendment.
5  Accordingly, IT IS HEREBY ORDERED that:
6  1.   Defendant San Francisco Housing Authority's Motion to Dismiss the Third and
7  Fourth Claims for Relief in Plaintiffs' First Amended Complaint is GRANTED.
8  2.   Plaintiffs' Third Claim for Relief alleging violation of the California Fair
9  Housing and Employment Act is dismissed, with prejudice, for failure to state a claim.
10 3.   Plaintiffs' Fourth Claim for Relief alleging violation of the California Unruh Act
11 is dismissed, with prejudice, for failure to state a claim.
12 DATED:

By:_____
Honorable Martin J. Jenkins
United States District Court Judge