KEVIN K. CHOLAKIAN (S.B. # 103423)
VIVIAN L. LERCHE (S.B. # 149984)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Telephone: (415) 467-8200
Facsimile: (415) 467-8206
kcholakian@cholakian.net
vlerche@cholakian.net

Attorneys for Defendant
SAN FRANCISCO HOUSING AUTHORITY

D. SCOTT CHANG, SBN 146403
MARY J. HAHN*
JOHN P. RELMAN*
RELMAN & DANE, PLLC
1225 19th Street, N.W., Suite 600
Washington, DC 20036-2456
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
schang@relmanlaw.com
mhahn@relmanlaw.com
jrelman@relmanlaw.com

Attorneys for Plaintiffs
AHSAN KAHN, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually,<br><br>      Plaintiff,<br>vs.<br><br>SAN FRANCISCO HOUSING AUTHORITY,<br><br>      Defendants. | Case No.: CV 07-6209 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>**Date: March 7, 2008**<br>**Time: 8:30 a.m.**<br>**Courtroom: 8** |

Pursuant to this court's Local Civil Rules ("Civ. L.R.") 16-9 and the standing order for all Judges of the Northern District of California contents of Joint Case Management Statement, the parties jointly submit this Case Management Statement.

## JURISDICTION AND SERVICE

The Complaint of AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN ("KHANS") was filed in the United States District Court for the Northern District of California on December 7, 2007.

This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a)(1)(A) for the First and Second Claims for Relief. This Court may exercise its discretion, under 28 U.S.C. § 1367, to retain pendant or supplemental jurisdiction over the Third and Fourth Claims for Relief.

All parties have been served.

## FACTS

### PLAINTIFF'S VERSION OF FACTS

Mr. and Mrs. Khan and their seven children are of the Muslim faith, and Pakistan is their country of origin. They dress in traditional Muslim attire, and Mr. and Mrs. Khan speak limited English. In 2005, the Khans moved into an apartment building owned and managed by Defendant. The Khans quickly became the targets of discriminatory harassment by their neighbors because of their religion and national origin. This harassment included derogatory comments characterizing them as the terrorist Osama bin Laden and a threatening image spray-painted outside their door depicting a gun pointed at the head of a man dressed in Muslim attire.

In August 2005, the Khans' apartment was broken into. This was no ordinary burglary. The perpetrator left clear signs of animus against the Khans' religion and national origin. Their Pakistani passports were defiled, their traditional clothing was torn to shreds, and their Koran

was desecrated, thrust into a tin of flour.

The Khans, by themselves and through their counsel, immediately and repeatedly informed Defendant SFHA about the hate-motivated nature of this break-in, and therefore qualified for a priority transfer, and requested to be transferred from the unit. Despite this notice, Defendant SFHA refused the Khans' transfer request for months. Defendant also failed to properly secure the apartment or protect the Khans from further acts of vandalism. As a result, the apartment was repeatedly ransacked after the initial break-in. The Khan family, fearing for their safety, never returned to live in the apartment.

At the time of the burglary, the Housing Authority was subject to a Consent Decree issued by this Court as a result of a settlement in previous case brought by the Civil Rights Division of the United States Department of Justice alleging that the SFHA had engaged in a pattern and practice of discrimination against Muslim tenants and tenants of Middle Eastern descent. *United States, et. al. v. San Francisco Hous. Auth.*, Case No. 02-4540, Complaint, Jan. 14, 2003. Defendant SFHA failed to take the steps required under the terms of the Consent Decree.

### DEFENDANT'S VERSION OF FACTS

The KHANS allege racial and religious discrimination against the SAN FRANCISCO HOUSING AUTHORITY ("SFHA") claiming that SFHA failed to take reasonable steps to protect them from harassment on the basis of race, religion and national origin. SFHA denies these allegations and contends that it has taken reasonable steps to address and prevent any racial, ethnic and religious harassment against its residents.

In 2005, the KHANS, a family of the Islamic faith, moved into an apartment building owned and managed by the SFHA. Plaintiffs allege that, shortly after they moved into the apartment, they experienced a comment likening them to Osama bin Laden and graffiti spray-painted near their door of a man in Muslim attire with a gun pointed at his head. These alleged

acts, albeit rude, were facts of life and did not result in any request by the Plaintiffs to be relocated from their residence at Potrero Terrace.

Subsequently, Plaintiffs were allegedly burglarized and many of their personal possessions were taken. Like most burglaries, the perpetrators ransacked the premises and the Plaintiffs' personal property in their quest for items of value to steal. While this burglary, like all burglaries, is not a small matter, it also does not rise to the harassment and discrimination alleged by Plaintiffs. They are not victims of a "hate crime" but, instead, they are victims of a crime of opportunity as the burglars broke in to steal valuable items, including their jewelry, while they were away from the premises.

While the burglary was an unfortunate event, the SFHA did not engage in any discriminatory act by not immediately uprooting this family of nine and relocating them to different premises, particular in light of the fact that a three-story, five-bedroom, apartment cannot be easily located in the City and County of San Francisco.

The Plaintiffs claim that they never stayed in the unit after this burglary; however, they did not terminate the lease nor return the keys to the apartment until January 12, 2006. They claim that, during the time that they had abandoned their apartment, further break-ins occurred. Since the Plaintiffs had not terminated their tendency, SFHA had no right, nor obligation, to enter the apartment and lock it up.

Indeed, the United States Department of Housing and Urban Development ("HUD") conducted an investigation and issued a "no probable cause" determination on or about July 19, 2006 expressly finding that reasonable cause does not exist to believe that a discriminatory housing practice had occurred.

Furthermore, the Consent Decree issued in the unrelated action of *United States, et. al. v. San Francisco Hous. Auth.*, Case No. 02-4540, Complaint, Jan. 14, 2003, does not apply to the claims made by the Plaintiffs herein, as that Decree was designed to address violent aggression directed by some tenants against other tenants, not the relatively minor acts of unidentified perpetrators claimed by the Plaintiffs. Even assuming, for the sake of argument, that the

Consent Decree applies to this claim, SFHA contends that it has complied with any applicable terms therein.

Nevertheless, the KHANS filed a governmental claim with the SFHA that was rejected on May 3, 2006. The KHANS also filed a Fair Housing Act claim with the United States Department of Housing and Urban Development ("HUD"). On or about July 19, 2006, after an investigation, HUD issued a "no probable cause" determination expressly finding that reasonable cause does not exist to believe that a discriminatory housing practice had occurred.

## DISPUTED FACTUAL AND LEGAL ISSUES

The principal legal issues that the parties dispute are:

1) Whether the SFHA injured the KHANS in violation of the federal Fair Housing Act, specifically:

    a. Whether the SFHA made housing unavailable or denied a dwelling to the KHANS because of religion or national origin, in violation of 42 U.S.C. § 3604(a);

    b. Whether the SFHA discriminated in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of the KHANS' religion or national origin, in violation of 42 U.S.C. § 3604(b); and/or

    c. Whether the SFHA intimidated, threatened or interfered with the KHAN's exercise of enjoyment of, or on account of his having exercised or enjoyed, any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

2) Whether the SFHA interfered with the KHANS' right to hold property free from harassment or intimidation because of their race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982.

3) Whether Defendants violated the Fair Employment and Housing Act. (See

paragraph 5 below regarding Defendant's contention).

    4). Whether Defendants violated the Unruh Civil Rights Act. (See paragraph 6 below regarding Defendant's contention).

    5) Whether Plaintiffs' Third Claims for Relief alleging violation of the California Fair Housing and Employment Act is barred by the provisions of California Government Code section 954.6. Only if such claim is not time barred does the issue of whether the SFHA has violated the California Fair Employment and Housing Act arise.

    6) Whether Plaintiffs' Fourth Claims for Relief alleging violation of the California Unruh Act is barred by the provisions of California Government Code section 954.6. Only if such claim is not time barred does the issue of whether the SFHA violated Cal. Civ. Code § 51, *et seq.*, arise.

## MOTIONS

Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Third and Fourth Claims for Relief for failure to state a claim is pending in this action. Plaintiffs intend to oppose this motion. This court will hear Defendant's Motion on April 4, 2008.

## AMENDMENT OF PLEADINGS

Defendant contends that no leave to amend should be granted as to Plaintiff's Third and Fourth Claims for Relief because the expiration of the applicable Statute of Limitations cannot be cured by amendment. Defendant SFHA has not yet filed its Answer pending the outcome of its Rule 12(b)(6) Motion.

## EVIDENCE PRESERVATION

Defendant SFHA has maintained all relevant records, including documents generated in SFHA's hearing regarding the KHANS' claims.

///

///

## DISCLOSURES

No initial disclosures have been made yet as Defendant has only recently appeared in this action. The parties are currently meeting and conferring. The Rule 26(f) report is scheduled to be filed on March 11, 2008.

## DISCOVERY

No discovery has been taken to date.

The parties were not able to reach an agreement on discovery deadlines or a discovery schedule. Defendants have proposed separate deadlines for written discovery and depositions and lay and expert discovery. Plaintiffs prefer a discovery schedule that sets a single deadline for all discovery, with internal deadlines for expert disclosures.

While SFHA does not object to a single discovery deadline if the court deems such to be appropriate, SFHA believes that discovery cannot reasonably be completed within the time frame proposed by the Plaintiffs because this is a complex matter involving claims of violations of civil rights and a "pattern and practice" of discrimination against Muslim tenants. Accordingly, discovery will include, at a minimum, depositions of similarly situated tenants, depositions of tenants who have made similar complaints, depositions of tenants with similar familial composition, as well as depositions of the Plaintiffs.

Defendant requests that the Court set the following deadlines:

1) All written discovery completed by July 31, 2008.

2) All lay witness depositions completed by September 30, 2008.

3) All expert witness disclosures with written reports pursuant to Rule 26(a)(2) will be made by December 31, 2008.

4) Supplements to the Expert Witness Disclosures under Rule 26(e) will be made within a reasonable time, not to exceed 30 days.

5) All expert witness depositions completed by April 30, 2009.

6) All potentially dispositive motions should be filed no later than

June 30, 2009.

    7)    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the parties 30 days prior to the Pre-Trial Conference.

    8)    The parties have 14 days after service of final Lists of Witnesses and Exhibits to list objections under Rule 26(3).

Plaintiffs request that the Court set the following discovery deadlines:

    1)    All discovery completed by November 15, 2008.

    2)    All expert witness disclosures with written reports pursuant to Rule 26(a)(2) will be made by August 15, 2008.

    3)    Rebuttal experts and/or supplements to the Expert Witness Disclosures under Rule 26(e) will be made no later than September 15, 2008.

    4)    Dispositive motions, if any, filed no later than December 15, 2008

    5)    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the parties 30 days prior to the Pre-Trial Conference.

    6)    The parties have 14 days after service of final Lists of Witnesses and Exhibits to list objections under Rule 26(3).

## CLASS ACTIONS

Not applicable.

## RELATED CASES

Plaintiffs contend that *United States of America (Al-Abas) v. San Francisco Housing Authority*, United States District Court for the Northern District of California, Case No. C 02-04540 CW, is a related case. Defendant disputes Plaintiffs' contention.

## RELIEF

Plaintiffs seek compensatory damages and statutory damages. Plaintiffs also seek a declaratory judgment finding that the Defendant's actions violate the Fair Housing Act of 1968. Plaintiffs seek an injunction directing Defendant and its directors, officers, agents and employees

to remedy the effects of the alleged illegal and discriminatory conduct and prevent similar occurrences in the future. Plaintiffs also seek reasonable attorneys' fees and costs for time and expenses spent by Relman & Dane PLLC.

### SETTLEMENT AND ADR

The parties have met and conferred regarding ADR selection and disagree on the form of ADR appropriate for this matter.

An ADR Phone Conference with the court's staff counsel has been set for March 5, 2008.

### CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiffs will not consent to have a magistrate judge conduct all further proceedings, including Trial and Entry of Judgment.

Defendant will not consent to have a magistrate judge conduct all further proceedings, including Trial and Entry of Judgment.

### OTHER REFERENCES

This case is not suitable for reference to Binding Arbitration, a Special Master, or the Judicial Panel on multi-district litigation.

### NARROWING OF ISSUES

Defendant contends that Plaintiffs' Third Claims for Relief alleging violation of the California Fair Housing and Employment Act, and Plaintiffs' Fourth Claims for Relief alleging violation of the California Unruh Act, are barred by the provisions of California Government Code section 954.6. Plaintiffs intend to oppose this motion. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Third and Fourth Claims for Relief for failure to state a claim is set to be heard on April 4, 2008.

### EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis.

## SCHEDULING

Defendant requests that the Court set the following deadlines:

| | | |
|---|---|---|
| 1) | Designation of experts: | January 31, 2009 |
| 2) | Discovery cutoff: | April 30, 2009 |
| 3) | Hearing of dispositive motions: | July 31, 2009 |
| 4) | Pretrial conference: | September 30, 2009 |
| 5) | Trial: | October 16, 2009 |

SFHA believes that discovery cannot reasonably be completed, and trial cannot meaningfully proceed, within the time frame proposed by the Plaintiffs because this is a complex matter involving claims of violations of civil rights and a "pattern and practice" of discrimination against Muslim tenants.

Plaintiffs request that the Court set the following deadlines

| | | |
|---|---|---|
| 1) | Designation of all experts: | September 15, 2008 |
| 2) | Discovery cutoff: | November 15, 2008 |
| 3) | Hearing of dispositive motions: | January 19, 2009 |
| 4) | Pretrial conference: | March 2, 2009 |
| 5) | Trial: | March 15 2009 |

## TRIAL

Plaintiffs and Defendant both demand a Jury Trial. The parties anticipate Trial will last 6 to 8 days.

### DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Local Rule 3-16, Defendant SFHA, a governmental entity, is not required to file a Certification of Interested Entities or Persons.

Plaintiffs state that no other person, firm, partnership, corporation, or other entity known to Plaintiffs have either (i) a financial interest in the subject matter in controversy or in a party to

the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

DATED: Feb. 29, 2008                                    CHOLAKIAN & ASSOCIATES

By ___s/_____.
KEVIN K. CHOLAKIAN
VIVIAN LEUNG LERCHE
Attorneys for Defendant
SAN FRANCISCO HOUSING AUTHORITY

DATED: Feb. 29, 2008                                    RELMAN & DANE, PLLC

By___s/_____
D. Scott Chang
Mary J. Hahn
John P. Relman
Attorneys for Plaintiffs
AHSAN KAHN, et al.