D. Scott Chang, SBN 146403
Mary J. Hahn*
John P. Relman*
Relman & Dane, PLLC
1225 19th Street, N.W., Suite 600
Washington, DC 20036-2456
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
schang@relmanlaw.com
mhahn@relmanlaw.com
jrelman@relmanlaw.com

*admitted *pro hac vice*

M. Julie Patiño, SBN 250375
Ernest Saadiq Morris (*pro hac vice* application to be filed)
Adam J. Zapala, SBN 245748
Bay Area Legal Aid
2 West Santa Clara Street, 8th Floor
San Jose, CA 95113
Telephone: (408) 283-3700
Facsimile: (408) 283-3750
jpatino@baylegal.org

Attorneys for Plaintiffs
AHSAN KAHN, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually,<br><br>Plaintiffs,<br>vs.<br><br>SAN FRANCISCO HOUSING AUTHORITY,<br><br>Defendants. | Case No.: CV 07-6209 CW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION ..................................................................................................1

THE ALLEGATIONS OF THE COMPLAINT ....................................................3

STANDARD OF REVIEW.....................................................................................4

ARGUMENT ..........................................................................................................5

    I.    FEHA Claims Are Categorically Excluded From The Requirements Of The Tort Claims Act...................................................................5

    II.   Unruh Act Claims Like Plaintiffs' Are Not Subject To The TCA...................6

    III.  The State Law Claims Are Not Subject To The TCA Because Plaintiffs Primarily Seek Injunctive Relief ...............................................9

    IV.  Even If Plaintiffs' Claims Were Subject To The TCA, All But Ahsan Khan's Claim Would Be Timely Because Defendant Violated the TCA's Mandatory Notice Requirement And The Limitations Period Would Therefore Be Two Years...........................................11

CONCLUSION ....................................................................................................13

i
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Bernhardt v. County of Los Angeles*, 279 F.3d 862 (9th Cir. 2002) .................................... 4

*Byrd v. District of Columbia*, __ F. Supp. 2d __, 2008 WL 678592
(D.D.C. Mar. 13, 2008) .................................................................................................. 7

*Canyon County v. Syngenta Seeds, Inc.*, __ F.3d __, 2008 WL 746986
(9th Cir. Mar. 21, 2008) ................................................................................................ 4

*Eureka Teacher's Ass'n v. Bd. of Educ. of the Eureka City Schools*, 202 Cal.
App. 3d 469 (Cal. Ct. App. 1988) ............................................................................. 9, 11

*Garcia v. Los Angeles Unified School District*, 173 Cal. App. 3d 701
(Cal. Ct. App. 1986) ........................................................................................... 2, 5, 6, 7

*Gatto v. County of Sonoma*, 98 Cal. App. 4th 744 (Cal. Ct. App. 2002) ............................ 5

*Gibson v. County of Riverside*, 181 F. Supp. 2d 1057 (C.D. Cal. 2002) .............. 2, 9, 10, 11

*Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91 (1979) ..................................... 13

*Hartnell College v. Superior Court*, 2002 WL 31546505 (Cal. Ct. App. Nov. 15, 2002) .. 8

*Holt v. Kelly*, 20 Cal. 3d 560 (Cal. 1978) ........................................................................... 8

*Indep. Housing Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328
(N.D. Cal. 1993) ........................................................................................................... 10

*Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288 (9th Cir. 1997) 525 U.S. 432 (1999) ..... 4

*Kennedy v. District of Columbia*, 519 F. Supp. 2d 50 (D.D.C. 2007) ............................... 7

*Layman v. Combs*, 994 F.2d 1344 (9th Cir. 1992) .......................................................... 10

*M.G.M. Constr. Co. v. Alameda County*, 615 F. Supp. 149 (N.D. Cal. 1985) ............. 9, 11

*Minsky v. City of Los Angeles*, 11 Cal. 3d 113 (Cal. 1974) ............................................... 8

*Polich v. Burlington N., Inc.*, 942 F.2d 1467 (9th Cir. 1991) ............................................ 5

*Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861 (Cal. Ct. App. 1983) .............. 2, 5, 7, 11

*State v. Superior Court*, 32 Cal. 4th 1234 (Cal. 2004) ............................................... 2, 6, 7

ii
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW


*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .................................................. 12

**FEDERAL REGULATIONS**

24 C.F.R. Part 103 ............................................................................................................ 6

24 C.F.R. § 115.201 .......................................................................................................... 6

**CALIFORNIA CIVIL AND GOVERNMENT CODES**

Cal. Civil Code § 3510 ..................................................................................................... 8

Cal. Civil Code § 3528 ..................................................................................................... 8

Cal. Gov't Code § 905 .................................................................................................. 7, 9

Cal. Gov't Code § 912.4 ................................................................................................. 12

Cal. Gov't Code § 913 .............................................................................................. *passim*

Cal Gov't Code § 915.4 .................................................................................................. 12

Cal. Gov't Code § 945.6 ........................................................................................... *passim*

Cal. Gov't Code § 12925(b) ............................................................................................. 6

Cal. Gov't Code § 12930(f)-(h) ........................................................................................ 6

iii
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

# INTRODUCTION

The Khans ("Plaintiffs") are a Muslim family of Pakistani national origin. (*See, e.g.*, First Am. Compl. (Jan. 4, 2008) (Docket No. 3) ¶ 2.) Soon after moving into an apartment owned and managed by Defendant San Francisco Housing Authority ("Defendant" or "SFHA"), the Khans were targeted by their neighbors for harassment based on religion and national origin. (*See id.* ¶¶ 2, 19.) They were then the victims of a burglary motivated by hate and discrimination. (*See, e.g., id.* ¶ 3.) Fearing for their safety, the Khans left their apartment immediately and have been unable to obtain safe and adequate housing since. (*See, e.g., id.* ¶¶ 4, 55.) The Khans filed this lawsuit seeking redress for Defendant's utter failure to take these incidents seriously and to provide the Khans with a transfer to safe and adequate housing. (*See, e.g., id.* ¶¶ 7, 9, 37-39.) Defendant's indifference is consistent with its history of failing to address national origin and religious discrimination against tenants, and is all the more remarkable because that history resulted in a Consent Decree issued by this Court designed to prevent exactly what happened to the Khans. (*See id.* ¶¶ 5-7, 40-46; *id.* at Ex. 1.) The Consent Decree was in effect at the time of the events at issue in this lawsuit. *See id.*

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant now moves to dismiss Plaintiffs' two state law claims, which allege violation of the Fair Employment and Housing Act ("FEHA") and the Unruh Act. (Defendant's motion does not concern the two claims under federal law.) Defendant contends that these two claims are barred by Cal. Gov't Code § 945.6. (*See* Mem. P. & A. Supp. Def. SFHA's Mot. Dismiss Third & Fourth Claims For Relief In Pls.' First Am. Compl. (Mar. 26, 2008) (Docket No. 3) at 3-6.) That provision, which is part of California's Tort Claims Act ("TCA"), requires <u>certain</u> claims against "local public entities" like the San Francisco Housing Authority to be presented to the local public entity prior to suit.[1] If the local public entity rejects the claim and adheres to strict notice requirements set forth in another part of the TCA, Cal. Gov't Code § 913, a lawsuit may be filed within six months of the rejection, *id.* § 945.6(a)(1). Defendant asserts that Plaintiffs' state law claims are subject to these

1
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

requirements, and that Plaintiffs did not satisfy them because suit was not filed until more than six months after Defendant rejected Plaintiffs' claims. Defendant is wrong for several reasons.

First, the TCA does not apply to claims under the Fair Employment and Housing Act. *See, e.g.*, *Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861, 864-69 (Cal. Ct. App. 1983); *Garcia v. Los Angeles Unified School District*, 173 Cal. App. 3d 701, 710-12 (Cal. Ct. App. 1986). Plaintiffs' third cause of action is brought under FEHA. (*See* First Am. Compl. ¶¶ 65-66.)

Second, Plaintiffs' cause of action under the Unruh Act is not subject to the Tort Claims Act because the pre-filing procedures followed here – investigation of Plaintiffs' administrative complaint by the federal government – provided an adequate substitute for the TCA procedures. California courts have consistently held that plaintiffs need not satisfy the TCA's technical requirements so long as they satisfy its purposes. *See, e.g.*, *State v. Superior Court*, 32 Cal. 4th 1234, 1245 (Cal. 2004) ("*Bodde*").

Third, the state law causes of action are not subject to the TCA because the TCA does not apply where a suit "primarily seeks declaratory and injunctive relief, not damages." *Gibson v. County of Riverside*, 181 F. Supp. 2d 1057, 1085 (C.D. Cal. 2002). Here, as in *Gibson*, the Khans primarily seek injunctive relief to secure housing free of discrimination. (*See* First Am. Compl. ¶¶ 8-9, 54-55, 57-59); *Gibson*, 181 F. Supp. 2d at 1085. Because "[t]heir request for damages is ancillary to this request . . . . the California [Tort] Claims Act does not require the filing of a claim with the governmental entity prior to commencing suit against it." *Id.* (citation omitted).

Fourth (except as to Plaintiff Ahsan Khan), even if the TCA did apply to Plaintiffs' state law claims, Defendant failed to follow the TCA's procedures for rejecting a claim. These procedures include notifying claimants that a lawsuit must be filed within six months after a local public entity rejects a claim. *See* Cal. Gov't Code § 913. As a result, the TCA provides

---

[1] Courts refer to the Tort Claims Act by several different names. This brief uses "Tort Claims Act" or "TCA" regardless of the name used in any particular case cited herein.

2
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

two years instead of six months to file a lawsuit. *See id.* § 945.6(a)(2). Plaintiffs did so, and Defendant does not contend otherwise.

For all of these reasons, and as demonstrated more fully below, the TCA's six-month limitation period is inapplicable to Plaintiffs' state law claims. Plaintiffs respectfully submit that the motion to dismiss should therefore be denied in its entirety.

## THE ALLEGATIONS OF THE COMPLAINT

Ahsan and Saleha Khan and their seven children are of the Muslim faith and Pakistan is their country of origin. (*See* First Am. Compl. ¶¶ 2, 15, 17.) They dress in traditional Muslim attire, and Mr. Khan speaks limited English. *See id.* In 2005, the Khans moved into an apartment building owned and managed by Defendant SFHA. (*See id.* ¶ 2, 18.) The Khans quickly became the targets of discriminatory harassment by their neighbors because of their religion and national origin. (*See id.* ¶¶ 2, 19.) This harassment included derogatory comments characterizing them as the terrorist Osama bin Laden and a threatening image spray-painted outside their door depicting a gun pointed at the head of a man dressed in Muslim attire. (*See id.* ¶¶ 2, 19-21.)

In August 2005, the Khans' apartment was broken into. (*See id.* ¶¶ 3, 22.) This was no ordinary burglary. (*See id.* ¶ 3.) The perpetrator left clear signs of animus against the Khans' religion and national origin. *See id.* Their Pakistani passports were defiled, their traditional clothing was torn to shreds, and their Qur'an was desecrated, thrust into a tin of flour. (*See id.* ¶¶ 3, 22.) The Khans, by themselves and through their counsel, immediately and repeatedly informed Defendant about the hate-motivated nature of this break-in, which qualified them for a priority transfer, and requested a transfer to a safe unit. (*See, e.g., id.* ¶¶ 4, 25-28, 30, 33.) Defendants have refused to provide the Khans with safe and appropriate alternative housing. (*See, e.g., id.* ¶¶ 26, 31-32, 37-39, 50.) Fearing for their safety, the Khans left the apartment after the break-in and have not returned. (*See id.* ¶¶ 4, 24.) Ever since, they have been forced to live in overcrowded and substandard housing because of SFHA's failure to provide an appropriate transfer. (*See id.* ¶¶ 8, 54-55, 57-59.)

3
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

At the time of these events, the SFHA was subject to a Consent Decree issued by this Court as a result of prior litigation brought by the United States Department of Justice. (*See id.* ¶¶ 5-7, 40-46; *id.* at Ex. 1.) The Department of Justice alleged that SFHA engaged in a pattern and practice of discrimination by failing to take steps to protect its residents from discriminatory harassment and intimidation based on race, color, national original, and religion, including harassment of Muslim tenants. (*See id.* ¶ 5, 44-45.) The Consent Decree required the SFHA to take numerous steps designed to end this pattern and practice, including by processing transfer applications for tenants complaining of civil rights violations within ten days. (*See id.* ¶ 46.) The SFHA nonetheless repeatedly failed to take the actions required under the Consent Decree in response to the break-in at the Khans' home and their request for a transfer. (*See id.* ¶¶ 47-50.)

The Khans seek an injunction requiring SFHA to provide them with the opportunity to rent the first available safe and affordable SFHA apartment in a location of their choice that is appropriate for their family needs or a voucher. (*See id.* ¶ 9.) They also seek ancillary monetary damages. *See id.*

## STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the Court "must take as true each allegation in plaintiffs' complaint and draw all reasonable inferences in favor of plaintiffs." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1296 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432 (1999). A court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Canyon County v. Syngenta Seeds, Inc.*, ___ F.3d ___, 2008 WL 746986, at *3 (9th Cir. Mar. 21, 2008) (internal quotation marks, citation, and footnote omitted). The Court "presume[s] that general allegations [in a complaint] embrace those specific facts that are necessary to support the claim." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002) (internal quotation marks and citations omitted). Moreover, "[d]ismissal without leave to amend is improper unless it is

4
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

clear . . . that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

# ARGUMENT

## I. FEHA Claims Are Categorically Excluded From The Requirements Of The Tort Claims Act

California courts have long held that the Tort Claims Act does not apply to FEHA claims. *See, e.g., Snipes*, 145 Cal. App. 3d at 864-69; *Garcia*, 173 Cal. App. 3d 701, 710-12. In *Snipes*, the California Court of Appeal stated clearly that "[w]e agree . . . that actions against governmental entities brought under the FEHA are to be excepted from the general requirements of the Tort Claims Act." *Snipes*, 145 Cal. App. 3d 865. The court explained that the legislature had created separate and independent pre-filing administrative procedures "for this particular *type* of claim," *i.e.*, a FEHA claim. *Id.* at 865-68 (reviewing procedures in Cal. Gov't Code Title I, Division 3, Part 2.8) (emphasis in original). The court held that these procedures "control over the general rules governing claims against governmental entities." *Id.* at 868. The Court of Appeal continues to reaffirm this principle. *See, e.g., Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 764 (Cal. Ct. App. 2002) (explaining that FEHA claims are "[e]xceptions to the [TCA's] filing requirement").

Moreover, *Garcia* makes plain that FEHA claims remain exempt from the TCA when the federal government, instead of the state government, handles the administrative processing and investigation of a discrimination claim. In *Garcia*, the plaintiff filed a discrimination complaint with the EEOC, which conducted the investigation. *See Garcia*, 173 Cal. App. 3d at 705-06. The state Department of Fair Employment and Housing ("DFEH") did nothing more than receive notice of the claim from the EEOC and "issue[] a right to sue letter, indicating responsibility for the investigation and evaluation of the claim would be handled by the EEOC, not the DFEH."[2] *Id.* at 706. The court held that, as in *Snipes*, the plaintiff "was not required to

---

[2]  The DFEH is charged with handling both employment and housing discrimination complaints. *See* Cal. Gov't Code §§ 12925(b), 12930(f)-(h).

5
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

file a claim with the [local public entity] prior to bringing this superior court action under the FEHA." *Id.* at 711.

Here, Plaintiffs' FEHA claim parallels those at issue in *Garcia* and *Snipes*, and the TCA does not apply. Plaintiffs filed an administrative complaint with the United States Department of Housing and Urban Development ("HUD"), and HUD conducted an investigation. (*See* First Am. Compl. ¶¶ 51-52); *see also* 24 C.F.R. Part 103 (setting forth HUD's complaint-handling procedures). The federal government has certified that DFEH, in administering FEHA claims, "enforces a law that is substantially equivalent to the [federal] Fair Housing Act [administered by HUD] with regard to substantive rights, procedures, remedies, and the availability of judicial review." 24 C.F.R. § 115.201 (describing basis for certification); *see* http://www.hud.gov/offices/fheo/partners/FHAP/agencies.cfm (listing certified agencies, including DFEH). Moreover, as in *Garcia*, Plaintiffs' HUD complaint was automatically filed by DFEH. *See* http://www.dfeh.ca.gov/complaints/FAQ.aspx?category=housing&answer=h_q3#h_answers ("If a complaint has been filed with HUD, it will automatically be filed with the Department as well.").

Because Plaintiffs' FEHA claim is not subject to the TCA, Defendant's motion to dismiss the FEHA claim must be denied.

## II.   Unruh Act Claims Like Plaintiffs' Are Not Subject To The TCA

While Unruh Act claims are not categorically exempted from the TCA, like FEHA claims, the circumstances of Plaintiffs' Unruh Act claim establish that the TCA does not apply in this instance. California courts have made clear that, if other procedures followed by a plaintiff before filing a lawsuit satisfy the purposes of the TCA, the plaintiff need not also comply with the TCA's procedures. *See, e.g.*, *Bodde*, 32 Cal. 4th at 1245. Here, by following the HUD/DFEH procedures, the Khans assured that the TCA's purposes were served, and the prerequisites to suit under the Unruh Act have therefore been satisfied. The Supreme Court of California has articulated this principle on several occasions. Most recently, it held that "fail[ure] to substantially comply" with the TCA is irrelevant as long as the procedures followed

6
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

effectuate the purposes of the TCA. *Id.* (internal quotation marks and citation omitted). The Supreme Court described those purposes as: "put[ting] the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." *Id.* (same).

This practical focus on the purposes of the TCA as opposed to its technical requirements is a central reason why the courts have held the TCA categorically inapplicable to FEHA claims. In *Garcia*, for example, the court identified the purposes of the TCA as "to give the public entity an opportunity to settle a claim before suit is brought, to permit early investigation of the facts, to facilitate fiscal planning for potential liabilities, and to avoid similarly caused injuries or liabilities in the future." *Garcia*, 173 Cal. App. 3d at 712 (citation omitted). The court found that the EEOC and DFEH procedures satisfied those purposes, so that the "school district has lost nothing but a technical defense by our conclusion that appellant was not required to file a government tort claim with them." *Id. See also Snipes*, 145 Cal. App. 3d 869 ("[t]he provisions of the FEHA for filing of a complaint with the department, administrative investigations, and service of the complaint on the employer serve a similar function" as the "purposes of the general claims presentation requirement" of the TCA).

Significantly, California courts could have quite reasonably held that a FEHA plaintiff must follow both the DFEH procedures and the TCA procedures. But even though FEHA cases are not among the twelve explicit exemptions in the TCA, *see* Cal. Govt. Code § 905(a)-(l), the courts, as explained above, have rejected the proposition that FEHA plaintiffs are subject to the TCA. Moreover, courts in other jurisdictions with parallel statutory schemes have insisted that plaintiffs follow the procedures set forth in two statutes instead of one. *See Byrd v. District of Columbia*, __ F. Supp. 2d __, 2008 WL 678592, at *4 (D.D.C. Mar. 13, 2008) (compliance with procedures of District of Columbia Human Rights Act, which apply to discrimination claims, does not excuse failure to comply with general statute requiring notice to mayor of any claim against the District for unliquidated damages); *Kennedy v. District of Columbia*, 519 F. Supp. 2d 50, 57 (D.D.C. 2007) (same). California courts nonetheless refuse to apply the TCA in such a formalistic manner, and focus instead on whether its purposes are satisfied. *Cf.* Cal. Civil Code

7
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

§ 3510 ("When the reason of a rule ceases, so should the rule itself."); *id.* § 3528 ("The law respects form less than substance.").

This approach is further reflected in the Supreme Court of California's earlier decisions in *Minsky v. City of Los Angeles*, 11 Cal. 3d 113 (Cal. 1974), and *Holt v. Kelly*, 20 Cal. 3d 560 (Cal. 1978), both of which held the TCA's requirements inapplicable. The court reasoned in large part that "[s]o long as the policies of the claims statutes are effectuated, they should be given a liberal construction to permit full adjudication on the merits," *Minsky*, 11 Cal. 3d at 123, and that "[t]he policy of providing prompt notice of claims to governmental entities which underlies the claims statutes has been fully effectuated here," *Holt*, 20 Cal. 3d at 565 (citation omitted).[3]

In light of these principles, it is evident that the TCA's technical requirements do not apply to Plaintiffs' Unruh Act claim. The events that give rise to that claim are the same ones that underlie Plaintiffs' FEHA claim and that were submitted to and investigated by HUD pursuant to procedures that parallel those administered by the DFEH. (*See* First Am. Compl. ¶¶ 51-52.) Such procedures accomplish the purposes of the TCA, as *Garcia* and *Snipes* have held. The TCA's six-month limitation therefore does not apply to Plaintiffs' Unruh Act claim any more than it does to their FEHA claim.[4]

---

[3] Elaborating on the TCA's purpose, *Minsky* explained that "courts and commentators have considered prompt notice important for several reasons: to allow (1) early investigation of the facts, (2) informed fiscal planning in light of prospective liabilities, (3) settlement of claims before the initiation of costly civil litigation, and (4) avoidance of similarly caused future injuries or liabilities." 11 Cal. 3d at 123.

[4] The facts of this case thus stand in sharp contrast to those at issue in *Hartnell College v. Superior Court*, 2002 WL 31546505 (Cal. Ct. App. Nov. 15, 2002), which, though holding that an Unruh Act claim was subject to the TCA's requirements, likewise analyzed the issue based on whether the TCA's purposes were satisfied: "Because Antonio requested an immediate right-to-sue letter, which the DFEH issued a few days after his complaint was filed, there was no investigation by the DFEH or any opportunity for [the community college] to resolve the claim through DFEH's statutory procedures before litigation. Thus, Antonio's filing of a discrimination complaint with the DFEH and receipt of an immediate right-to-sue letter did not serve a similar function as the government claim filing requirement." *Id.* at *8.

8
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

### III. The State Law Claims Are Not Subject To The TCA Because Plaintiffs Primarily Seek Injunctive Relief

The Khans' state law claims are also not subject to the TCA because this suit is primarily about injunctive relief.[5] Courts have repeatedly held the TCA inapplicable where plaintiffs "primarily seek[] declaratory and injunctive relief, not damages." *Gibson*, 181 F. Supp. 2d at 1085. The basis for this is the statute's express limitation to "claims for money or damages against local public entities," interpreted in light of purpose instead of hyper-technicality as explained above. Cal. Gov't Code § 905. Thus, claims for money or damages are only covered by the TCA if that is the primary purpose of a lawsuit. *See, e.g., Eureka Teacher's Ass'n v. Bd. of Educ. of the Eureka City Schools*, 202 Cal. App. 3d 469, 476 (Cal. Ct. App. 1988). Claims seeking both monetary and non-monetary relief are excluded from the TCA where "[t]he more significant relief sought" is non-monetary. *M.G.M. Constr. Co. v. Alameda County*, 615 F. Supp. 149, 151 (N.D. Cal. 1985).

This case is primarily about obtaining injunctive relief so that the Khans can live in a proper and safe home free of discrimination. It is therefore not subject to the TCA. Specifically, Plaintiffs "seek injunctive relief requiring SFHA to provide them with the opportunity to rent the first available safe and affordable SFHA apartment in a location of their choice that is appropriate for their family needs or a voucher." (First Am. Compl. ¶ 9.) They also seek "an injunction directing Defendant and its directors, officers, agents and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future." (*Id.* at 21 (Prayer for Relief).) The reason this injunctive relief is so important, and the primary reason for the lawsuit, is that for over two years, "the Khans have been unable to secure safe and affordable housing, despite their diligent efforts, and have been left living in overcrowded and substandard housing." (*Id.* ¶ 55;

---

[5] This does not mean that the Khans' damages are insignificant or *de minimus*. They have suffered real harm and are entitled to, among other things, significant financial compensation. As the cases discussed herein demonstrate, however, application of the TCA is based on whether damages are the primary purpose of the lawsuit, not whether damages are insignificant.

9
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

*see also id.* ¶¶ 8, 54, 57-59.) It is no stretch to describe housing as one "of the most important aspects of our existence." *Layman v. Combs*, 994 F.2d 1344, 1354 (9th Cir. 1992) (Kozinski, J., dissenting for the most part). Yet the Khans will continue to live without adequate and safe housing absent injunctive relief. (*See* First Am. Compl. ¶¶ 58-59.)

Plaintiffs' suit is thus highly analogous to the suit at issue in *Gibson*. The *Gibson* plaintiffs challenged county "ordinances imposing age restrictions on persons occupying dwelling units in certain areas . . . ." 181 F. Supp. 2d at 1060. They brought claims under, *inter alia*, the FEHA and the Unruh Act. *See id.* at 1062. They sought "compensatory and punitive damages, a declaratory judgment that the County's actions are unlawful, injunctive relief, costs, and reasonable attorneys' fees." *Id.* The County challenged plaintiffs' failure to comply with the TCA. *See id.* at 1084. After emphasizing that "Plaintiffs seek damages as well as declaratory and injunctive relief" for their FEHA and Unruh Act claims, *id.*, the court rejected this challenge:

> Plaintiffs' [First Amended Complaint] primarily seeks declaratory and injunctive relief, not damages. Plaintiffs want to stay in their homes and want the freedom to allow within their homes the residency of persons younger than 55 years of age. They also want the County to conform its actions to the mandates of state and federal housing laws. Their request for damages is ancillary to this request. In such circumstances, the California Claims Act [TCA] does not require the filing of a claim with the governmental entity prior to commencing suit against it.

*Id.* at 1085 (citation omitted). While the Khans, like the *Gibson* plaintiffs, also seek monetary damages, that request is likewise ancillary to their need for safe and discrimination-free housing.

Many other cases further demonstrate that, because of the relative importance of Plaintiffs' request for damages in comparison to their need for injunctive relief, the TCA does not apply here. *See Indep. Housing Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1332, 1358 (N.D. Cal. 1993) (failure to comply with TCA did not bar claim based on construction of housing project in violation of accessibility laws for declaratory and injunctive relief, damages, attorney's fees and other appropriate relief; "While plaintiffs do seek damages, their request for an injunction declaring that the Agency is in violation of the handicap access laws and must comply with them in the future is of great weight and not just ancillary to

10
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

the request for damages."); *M.G.M. Constr. Co.*, 615 F. Supp. at 151 (failure to comply with TCA did not bar challenge to the county's affirmative action program even though plaintiff sought to recover expenses in addition to declaratory relief); *Eureka Teacher's Ass'n*, 202 Cal. App. 3d 469 (failure to comply with TCA did not bar recovery of back pay and fringe benefits in claim by the teacher seeking writ of mandate requiring defendant to rehire her; "claim for backpay and fringe benefits was incidental to her request for reemployment and thus was not a request for money or damages within the scope of" TCA); *Snipes*, 145 Cal. App. 3d at 863-64, 869 (failure to comply with TCA did not bar claim based on discriminatory failure to hire for "damages, including back pay; punitive damages in the amount of $1 million; an order requiring respondents to employ appellant as a police officer forthwith; and preliminary and permanent injunctions prohibiting discriminatory employment practices against appellant;" "action under the FEHA basically is nonpecuniary, the claims for damages and back pay being incidental to the claim for injunctive relief").

Because Plaintiffs' FEHA and Unruh Act claims are primarily for injunctive relief, the TCA's six-month limitation does not apply.

### IV. Even If Plaintiffs' Claims Were Subject To The TCA, All But Ahsan Khan's Claim Would Be Timely Because Defendant Violated The TCA's Mandatory Notice Requirement And The Limitations Period Would Therefore Be Two Years

Even if the TCA did apply to Plaintiffs' state law claims – which it does not – the six-month limitation would only apply to Ahsan Khan's claims. Defendant did not follow the mandatory notice provisions of Cal. Gov't Code § 913 as to the other eight Plaintiffs, and the limitation period for these Plaintiffs is therefore two years instead of six months. *See* Cal. Gov't Code § 945.6(a)(2). Plaintiffs filed suit within this period.

The TCA requires a local public entity that rejects a claim to provide written notice of the rejection. *See id.* § 913. The notice must include a warning that a lawsuit may only be filed within six months of the date the notice is delivered or mailed, and the warning must be in substantially the form set forth in the statute. *See id.* The TCA requires the same notice and warning if a claim is constructively denied through the local public entity's failure to act on it

11
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

within 45 days. *See id.* § 912.4 (failure to act within 45 days is deemed rejection); *id.* § 913(a) (notice of rejection, including rejection through inaction, must include warning of six-month limitation); *see also id.* § 915.4 (only exception to notice requirement is where claimant fails to provide address).

Based on whether a local public entity complies with section 913's written notice and warning requirements, the TCA requires a suit to be filed within either six months or two years:

> (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail.
>
> (2) If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action.

*Id.* § 945.6(a). Even if the TCA applied here, Defendant's reliance on section 945.6(a)(1) would be misplaced except as to Ahsan Khan because written notice in accordance with section 913 was not provided to any of the other eight Plaintiffs.

Defendant does not dispute that Plaintiffs filed a claim with Defendant regarding the subject matter of this lawsuit. (*See* First Am. Compl. ¶ 53.) The claim was explicitly made on behalf of nine individuals – the same nine who are Plaintiffs herein. (*See* Decl. of M. Hahn, Ex. 2 at 1 (letter claim from Bay Area Legal Aid to SFHA dated March 7, 2006).)[6] The claim provided the address of the Khan's legal aid attorney as the "Postal Address to which Notices are to be Sent." (*Id.*) Defendant sent a rejection letter dated May 2, 2006, but it specified in the "REFERENCE" line that it concerned only "Mr. Ahsan Khan." (*See id.*, Ex. 2.) No mention was made of the other eight claimants.

Accordingly, Saleha Khan, Irfan Khan, Asif Khan, Noreen Khan, Kaynat Khan, Laiba Khan, Bilal Khan, and Rehana Khan never received notice of whether or how their claims were

---

[6] Because this document is discussed in the complaint, it is appropriately considered on a motion to dismiss. *See* First Am. Compl. ¶ 53 (discussing document); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This does not convert the motion to a summary judgment motion. *Ritchie*, 342 F.3d at 908. Exhibits two and three are similarly encompassed by the complaint. *See* First Am. Compl. ¶¶ 51, 53.

12
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

1  addressed by the SFHA, and never received a warning that they were required to bring suit
2  within six months.[7] Their claims would be governed by § 945.6(a)(2), not (a)(1), if the TCA
3  applied. The complaint demonstrates that these eight Plaintiffs complied with § 945.6(a)(2) by
4  filing suit within the two-year limitations period (on December 7, 2007), and Defendant's
5  motion to dismiss makes no assertion to the contrary. (See First Am. Compl. ¶ 39 (continuing
6  violation extended through, at least, December 2005); Decl. of M. Hahn, Ex. 3 at 6 (¶ 8 of HUD
7  complaint identifying December 12, 2005, as the "most recent date on which the alleged
8  discrimination occurred").) Section 945.6(a) of the TCA therefore does not bar their claims.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss should be denied in its entirety.

Dated: April 10, 2008                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ D. Scott Chang
　　　　　　　　　　　　　　　　　　　　　　　　D. Scott Chang
　　　　　　　　　　　　　　　　　　　　　　　　Mary J. Hahn*
　　　　　　　　　　　　　　　　　　　　　　　　John P. Relman*
　　　　　　　　　　　　　　　　　　　　　　　　Relman & Dane, PLLC
　　　　　　　　　　　　　　　　　　　　　　　　225 19th Street, N.W., Suite 600
　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036-2456
　　　　　　　　　　　　　　　　　　　　　　　　*admitted pro hac vice

　　　　　　　　　　　　　　　　　　　　　　　　Julie Patiño
　　　　　　　　　　　　　　　　　　　　　　　　Ernest Morris (pro hac vice application to be filed)
　　　　　　　　　　　　　　　　　　　　　　　　Adam J. Zapala
　　　　　　　　　　　　　　　　　　　　　　　　Bay Area Legal Aid
　　　　　　　　　　　　　　　　　　　　　　　　2 West Santa Clara Street, 8th Floor
　　　　　　　　　　　　　　　　　　　　　　　　San Jose, CA 95113

　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

---

[7] Defendant may assert that the letter rejecting Ahsan Khan's claim implicitly rejected the claims of the other eight Plaintiffs, but the TCA makes no provision for implicit notice or an implicit warning. Moreover, civil rights plaintiffs who file a single case together routinely obtain different results, see, e.g., Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 111-115 & n.25 (1979) (affirming summary judgment against four plaintiffs in Fair Housing Act case, but reversing as to two plaintiffs), and the denial of Ahsan Khan's claim therefore did not conclusively establish a denial of the other Plaintiffs' claims.

13
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW

# CERTIFICATE OF SERVICE
## NORTHERN DISTRICT OF CALIFORNIA

I hereby certify that on April 10, 2008, a copy of the foregoing Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss the Third and Fourth Claims for Relief in Plaintiffs' First Amended Complaint was electronically filed and by operation of the Court's ECF System was served upon the following:

Kevin K. Cholakian
Vivian Leung Lerche
**Cholakian & Associates**
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Telephone: 415-467-8200

                                                 /s/ Kate Berry
                                                 Kate Berry

14
Plaintiffs' Mem. in Opp. to Def's
Mot. Dismiss Third & Fourth Claims for Relief in Pls' First Am. Compl.
Case No. CV 07-6209 CW