KEVIN K. CHOLAKIAN (S.B. # 103423)
VIVIAN L. LERCHE (S.B. # 149984)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Telephone: (415) 467-8200
Facsimile: (415) 467-8206
kcholakian@cholakian.net
vlerche@cholakian.net

Attorneys for Defendant
SAN FRANCISCO HOUSING AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually,<br><br>　　　　Plaintiff,<br>　vs.<br><br>SAN FRANCISCO HOUSING AUTHORITY,<br><br>　　　　Defendants. | Case No.: CV 07-6209 CW<br><br>**DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]**<br><br>**Date:  May 1, 2008**<br>**Time:  2:00 p.m.**<br>**Courtroom: 2, 4th Floor**<br>**Judge:  Hon. Claudia Wilken** |

TO PLAINTIFFS AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually, AND THEIR ATTORNEYS OF RECORD:

Defendant San Francisco Housing Authority ("SFHA") hereby submits its Reply to Plaintiffs' Opposition to its Motion to Dismiss Plaintiffs' Third and Fourth Claims for Relief in their First Amended Complaint.

## I. THE STATUTE OF LIMITATIONS SET FORTH IN SECTION 945.6 MUST BE STRICTLY ENFORCED.

Plaintiffs concede that they missed the six-month deadline for filing a lawsuit under the California Tort Claims Act ("TCA"), as set forth in Government Code section 945.6. [See, Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss the Third and Fourth Claims for Relief in Plaintiffs' First Amended Complaint ("Opposition").]

Section 945.6 is a statute of limitation. *Cole* v. *Los Angeles Unified School Dist*. (1986) 177 Cal.App.3d 1, 3. "Statutes of limitation and the like, prescribing definite periods of time within which actions may be brought or certain steps taken are, of necessity, adamant rather than flexible in nature. Such statutes are upheld and enforced regardless of personal hardship . . ." *Chas. L. Harney, Inc., supra* at 90-91, quoting *Fidelity & Deposit Co.* v. *Claude Fisher Co*. (1958) 161 Cal.App.2d 431, 437. Despite the ruling of the Courts that such statutes must be strictly enforced, the Plaintiffs nevertheless argue that they are excused from compliance with this law, at least in so far as it applies to their Fourth Claim for alleged violation of the California Unruh Act. This argument flies in the face of the purpose for the enactment of the TCA as the "intent of the Act is to confine potential governmental liability to rigidly delineated circumstances." *Williams v. Horvath* (1976) 16 Cal.3d 834, 838.

The conditions imposed by the TCA are prerequisites to an action against the SFHA. *Stanley v. City and County of San Francisco* (1975) 48 Cal. App. 3d 575, 578-579. Accordingly, they are mandatory and must be strictly complied with. *Id*.; *County of Los Angeles v. Riley* (1942) 20 Cal.2d 652, 662. Recovery must be denied where legal action is not brought against the governmental entity within the period prescribed by the statute. *Id.*; *Chas. L. Harney, Inc. v. State of California* (1963) 217 Cal.App.2d 77, 90; *County of San Luis Obispo* v. *Gage* (1903) 139 Cal. 398.

As such, this Court must grant SFHA's motion to dismiss since denying the motion would make the requirements of the TCA a virtual nullity.  This is particularly true since Plaintiffs' appear to be disguising their inexcusable neglect in failing to timely file a Complaint under the terms of the TCA by claiming that they are not obligated to follow this law.  See, *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 682 ["conduct falling below the professional standard of care, such as failure to timely object to or properly advance an argument, is not therefore excusable"].

Indeed, Plaintiffs' attempts to circumvent the requirements of the TCA parallel those of the appellants in *Hunter v. County of Los Angeles* (1968) 262 Cal.App.2d 820.  In rejecting such arguments, the *Hunter* court reasoned as follows:

> In effect appellants ask us to rewrite the Tort Claim Act of 1963.  The curative provision for those who file late claims has an obvious rationale that does not apply to those who file claims and then fail to file complaints within the prescribed period.  A late claim suggests late discovery of the proper means of seeking redress.  But once a claimant has filed his claim, he demonstrates familiarity with the statutory procedures governing his grievance, and can reasonably be charged with knowledge of the time limitations that are part of that procedure.  We are governed here by the tort claims statute, which does not indulge late suitors to the same extent it does late claimants.

*Hunter, supra* at 822.

Contrary to the well reasoned ruling of the *Hunter* court that "late suitors" shall not be indulged to the same extent as "late claimants", Plaintiffs, in their Opposition, cite cases which pertain to "late claimants" in support of their claims.  These cases are readily distinguishable in that SFHA does not claim that it did not receive notice of the claim.  None of the reasons set forth in the cases cited by the Plaintiffs for allowance of late claims are applicable to this case.  Instead, SFHA's asserts that the statute of limitations has run, precluding Plaintiffs from pursuing this action, at least as far as their Fourth Claim for Relief under the California Unruh Act.  Indeed, a case cited by the Plaintiffs themselves expressly states that claims made under the Unruh Act fall within the mandates of the TCA.  *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744.

### A. A Claim of Substantial Compliance Will Not Excuse Plaintiffs' Failure to File Within the Time Limitations Set Forth in Section 945.6

Plaintiffs further claim that they are excused from complying with the mandates of the TCA because they followed the "HUD/DFEH procedures." Plaintiffs claim that they, thus, substantially complied with the TCA. [See, Opposition p. 6:18-28; p. 7:1-4.] Again, Plaintiffs cite cases interpreting the notice provision of the TCA, instead of the statue of limitations set forth therein by section 945.6. As discussed above, these are readily distinguishable and bear no relevance to the expiration of the statutory time limitations.

With respect to sketch of limitation set forth in section 945.6, late filing cannot be excused on the ground of substantial compliance. See, *Hunter*, *supra* at 822.

It bears emphasizing that the TCA "does not indulge late suitors." *Id.* at 822; *Smith v. City and County of San Francisco* (1977) 68 Cal.App.3d 227, 230-231. As right to sue the state and its political subdivisions, is formulated by statute, it is also *"circumscribed by the limitations within that statute*." *Ibid.*

Since Plaintiffs apparently admit that their Complaint was filed after the six-month time limitations set forth in section 945.6 had expired, this Court should uphold the legislative decision to limit the circumstances under which a governmental entity may be sued and dismiss the Plaintiffs' state law claims or, at a minimum, dismiss the Plaintiffs' claim for relief under the California Unruh Act.

### II. Plaintiffs Seek Substantial Monetary Damages and, Thus, Should Not be Excused From the Time Limitations Set Forth in Section 945.6

Plaintiff's claim that they are not subject to the time limitations set forth in section 945.6 because they seek injunctive relief and any claim for monetary damages is merely incidental. [See, Opposition, p. 9.] However, this assertion is belied by their prayer for relief. Specifically, Plaintiffs pray for an award of "compensatory damages" and "statutory damages" for alleged violation of the Unruh Act, as well as "attorney's fees and costs." [See, Plaintiffs' First Amended Complaint, p. 21-22.] While the amounts are not specified, it is reasonable to interpret these claims as alleging more than nominal fees since it will likely encompass alleged rent

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

differentials for the almost 3 years that they have not lived in a SFHA property, damages multiplied by statute and fees for two sets of attorneys, one set of which would be traveling from Washington, D.C., to litigate this matter.

Under these circumstances, the alleged damages could not be nominal or incidental to their claim for injunctive relief unless and until either the Plaintiffs voluntarily dismiss their claims for damages or the court strikes any prayer and related allegations for such damages.

### III.  CONCLUSION

It is apparent that the Plaintiffs admit that their Complaint was filed after the statute of limitation set forth in California Government code section 945.6 had already expired.  As set forth above, the excuses which they give for the failure to comply with the statutory mandates of section 945.6 are unconvincing attempts to mask their inexcusable neglect in allowing this statute of limitations to run.  Therefore, the Court should hold that such attempts are unavailing. Accordingly, the Plaintiffs' state law claims should be dismissed, with prejudice, at least to the extent of their Fourth Claim for Relief pursuant to the California Unruh Act.

DATED: April 17, 2008                                CHOLAKIAN & ASSOCIATES


By:_____/S/_____
      Kevin C. Cholakian
      Vivian Leung Lerche
Attorneys for Defendant
SAN FRANCISCO HOUSING AUTHORITY

| *Ahsan Khan et al. v. San Francisco Housing Authority* | **U.S. District Court, Northern District of California; Case No.** CV 07-6209 CW |
|---|---|

# PROOF OF SERVICE

I, the undersigned, hereby declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. My business address is 5 Thomas Mellon Circle, Suite 105, San Francisco, California 94134. I am employed in the County of San Francisco where this service occurs. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U. S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served or caused to be served the within:

**DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]**

on the interested parties to this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| D. Scott Chang, SBN 146403<br>Mary J. Hahn*<br>John P. Relman*<br>Relman & Dane, PLLC<br>1225 19th Street, N.W., Suite 600<br>Washington, DC 20036-2456<br>Telephone: (202) 728-1888 / Fax: (202) 728-0848<br>schang@relmanlaw.com<br><br>M. Julie Patino, SBN 250375<br>Ernest Saadiq Morris*<br>Adam J, Zapala, SBN 245748<br>Bay Area Legal Aid<br>2 West Santa Clara Street, 8th Floor<br>San Jose, CA 95113<br>Telephone: (408) 283-3700 / Fax: (408) 283-3750<br>Jpatino@baylegal.org | Attorneys for **Plaintiffs**<br>AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually |

| | |
|---|---|
| ☒ | (BY E-MAIL) I sent an electronic copy on the date below |
| ☒ | (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service is made. |

Executed on **April 17, 2008**, at San Francisco, California.

_/s/_____
Fanny Lay

LAW OFFICES OF **CHOLAKIAN & ASSOCIATES** A PROFESSIONAL CORPORATION 5 THOMAS MELLON CIRCLE, SUITE 105 SAN FRANCISCO, CALIFORNIA 94134

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT [FED.R.CIV.P. RULE 12(b)(6)]   6   CASE NO. CV 07-6209 CW