1  D. SCOTT CHANG, SBN 146403
   JOHN P. RELMAN*
2  RELMAN & DANE, PLLC
   1225 19th Street, N.W., Suite 600
3  Washington, DC 20036-2456
   Telephone: (202) 728-1888
4  Facsimile: (202) 728-0848
   schang@relmanlaw.com
5  jrelman@relmanlaw.com

6  M. Julie Patiño, SBN 250375
   Bay Area Legal Aid
7  2 West Santa Clara Street, 8th Floor
   San Jose, CA  95113
8  Telephone: (408) 283-3700
   Facsimile: (408) 283-3750
9  jpatino@baylegal.org

10
   Attorneys for Plaintiffs
11 AHSAN KHAN, et al.

12 KEVIN K. CHOLAKIAN (S.B. # 103423)
   VIVIAN L. LERCHE (S.B. # 149984)
13 CHOLAKIAN & ASSOCIATES
   A Professional Corporation
14 5 Thomas Mellon Circle, Suite 105
   San Francisco, CA 94134
15 Telephone: (415) 467-8200
   Facsimile: (415) 467-8206
16 kcholakian@cholakian.net
   vlerche@cholakian.net
17
   Attorneys for Defendant
18 SAN FRANCISCO HOUSING AUTHORITY

19               UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21 AHSAN KHAN AND SALEHA KHAN,              Case No.:  CV 07-6209 CRB
   individually and on behalf of their minor
22 children, IRFAN KHAN, ASIF KHAN,         **JOINT CASE MANAGEMENT
   NOREEN KHAN, KAYNAT KHAN, LAIBA          CONFERENCE STATEMENT**
23 KHAN and BILAL KHAN, and RHEANNA
   KHAN, individually,
24
                                            **Date:  May 1, 2008
25          Plaintiffs,                      Time:  2:00 p.m.
        vs.                                  Courtroom 2, 4th Floor
26                                           Judge: Hon. Claudia Wilken**
   SAN FRANCISCO HOUSING AUTHORITY,
27
            Defendant.
28

Pursuant to this court's Local Civil Rules ("Civ. L.R.") 16-9 and the standing order for all Judges of the Northern District of California contents of Joint Case Management Statement, the parties jointly submit this Case Management Statement.

### JURISDICTION AND SERVICE

The Complaint of AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN ("Khans" or "plaintiffs") was filed in the United States District Court for the Northern District of California on December 7, 2007.

This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a)(1)(A) for the First and Second Claims for Relief.  This Court may exercise its discretion, under 28 U.S.C. § 1367, to retain pendant or supplemental jurisdiction over the Third and Fourth Claims for Relief.

All parties have been served.

### FACTS

### PLAINTIFF'S VERSION OF FACTS

Mr. and Mrs. Khan and their seven children are of the Muslim faith, and Pakistan is their country of origin. They dress in traditional Muslim attire, and Mr. and Mrs. Khan speak limited English.   In 2005, the Khans moved into an apartment building owned and managed by Defendant.  The Khans quickly became the targets of discriminatory harassment by their neighbors because of their religion and national origin.  This harassment included derogatory comments characterizing them as the terrorist Osama bin Laden and a threatening image spray-painted outside their door depicting a gun pointed at the head of a man dressed in Muslim attire.

In August 2005, the Khans' apartment was broken into.  This was no ordinary burglary. The perpetrator left clear signs of animus against the Khans' religion and national origin.  Their Pakistani passports were defiled, their traditional clothing was torn to shreds, and their Koran

1    was desecrated, thrust into a tin of flour.

2         The Khans, by themselves and through their counsel, immediately and repeatedly

3    informed Defendant SAN FRANCISCO HOUSING AUTHORITY ("SFHA") about the hate-

4
     motivated nature of this break-in, and therefore qualified for a priority transfer, and requested to
5
6    be transferred from the unit.  Despite this notice, Defendant SFHA refused the Khans' transfer

7    request for months.  Defendant also failed to properly secure the apartment or protect the Khans

8    from further acts of vandalism.  As a result, the apartment was repeatedly ransacked after the

9
     initial break-in.  The Khan family, fearing for their safety, never returned to live in the
10
11   apartment.

12        At the time of the burglary, the Housing Authority was subject to a Consent Decree

13   issued by this Court as a result of a settlement in a previous case brought by the Civil Rights

14   Division of the United States Department of Justice alleging that the SFHA had engaged in a

15   pattern and practice of discrimination against Muslim tenants and tenants of Middle Eastern

16   descent.  *United States, et. al.  v. San Francisco Hous. Auth.*, Case No. 02-4540, Complaint, Jan.

17
     14, 2003.  Defendant SFHA failed to take the steps required under the terms of the Consent
18
19   Decree.

                              **DEFENDANT'S VERSION OF FACTS**
20
21        The Plaintiffs allege racial and religious discrimination against the SFHA claiming that

22   SFHA failed to take reasonable steps to protect them from harassment on the basis of race,

23   religion and national origin.  SFHA denies these allegations and contends that it has taken

24   reasonable steps to address and prevent any racial, ethnic and religious harassment against its

25   residents.

26        In 2005, the Plaintiffs, a family of the Islamic faith, moved into an apartment building

27   owned and managed by the SFHA.  Plaintiffs allege that, shortly after they moved into the

28   apartment, they experienced a comment likening them to Osama bin Laden.  However, Plaintiffs

did not allege that they ever reported this comment to SFHA and SFHA has no record of ever

1  receiving any report of such a comment.  Furthermore, the alleged perpetrator remains

2  unidentified.  Plaintiffs also allege that graffiti was spray-painted near their door of a man in

3  Muslim attire with a gun pointed at his head.  Again, no alleged perpetrator has been identified.

4  Furthermore, the Plaintiffs allege that SFHA took action and painted over this graffiti. Notably,

5  these alleged acts did not result in any request by the plaintiffs to be relocated from their

6  residence at Potrero Terrace.

7          Subsequently, plaintiffs were allegedly burglarized and many of their personal

8  possessions were taken.  Like most burglaries, the perpetrators ransacked the premises and the

9  plaintiffs' personal property in their quest for items of value to steal.  While this burglary, like

10  all burglaries, is not a small matter, it also does not rise to the harassment and discrimination

11  alleged by plaintiffs.  They are not victims of a "hate crime" but, instead, they are victims of a

12  crime of opportunity as the burglars broke in to steal valuable items, including their jewelry,

13  while they were away from the premises.

14          Furthermore, SFHA immediately took action upon notification and investigated this

15  burglary.  The San Francisco Police Department also investigated this burglary.  Both SFHA and

16  the police reasonably concluded that this was a burglary perpetrated to steal valuable items from

17  the plaintiff's apartment, and not a "hate crime."  Subsequently, SFHA immediately boarded up

18  the area where the burglars had apparently entered.  Further, public entities do not as a matter of

19  law have a duty to protect individuals from the criminal acts of third parties.  Additionally,

20  following its immediate and diligent investigation, SFHA reasonably concluded that the burglary

21  was an unfortunate event, and it did not constitute an "immediate threat to the life of a member"

22  due to a "hate crime," which is the relevant criteria for a priority transfer. SFHA did not engage

23  in any discriminatory act by reaching a reasonable conclusion regarding the nature of the crime

24  and not immediately uprooting this family of nine and relocating them to different premises,

25  particular in light of the fact that a three-story, five-bedroom apartment cannot be easily located

26  in the City and County of San Francisco.

27          The Plaintiffs claim that they never stayed in the unit after this burglary; however, they

28  did not terminate the lease nor return the keys to the apartment until January 12, 2006.  They

1   claim that, during the time that they had abandoned their apartment, further break-ins occurred.

2   Since the Plaintiffs had not terminated their tenancy, SFHA had no right, nor obligation, to enter

3   the apartment and lock it up.  Furthermore, the allegations that further break-ins occurred and

4   more valuables were stolen support SFHA's conclusion that these burglaries were perpetrated

5   for the purpose of stealing valuables and were not "hate crimes."

6        Indeed, the United States Department of Housing and Urban Development ("HUD")

7   conducted an investigation and issued a "no probable cause" determination on or about July 19,

8   2006, expressly finding that reasonable cause does not exist to believe that a discriminatory

9   housing practice had occurred.

10        Furthermore, the Consent Decree issued in the unrelated action of *United States, et. al. v.*

11   *San Francisco Hous. Auth.*, Case No. 02-4540, Complaint, Jan. 14, 2003, does not apply to the

12   claims made by the Plaintiffs herein, as that Decree was designed to address violent aggression

13   directed by some tenants against other tenants, not the relatively minor acts of unidentified

14   perpetrators claimed by the Plaintiffs.  Even assuming, for the sake of argument, that the

15   Consent Decree applies to this claim, SFHA contends that it has complied with any applicable

16   terms therein.

17        Nevertheless, the Plaintiffs filed a governmental claim with the SFHA that was rejected

18   on May 3, 2006.  Plaintiffs also filed a Fair Housing Act claim with the United States

19   Department of Housing and Urban Development ("HUD").  On or about July 19, 2006, after an

20   investigation, HUD issued a "no probable cause" determination expressly finding that reasonable

21   cause does not exist to believe that a discriminatory housing practice had occurred.

22                    **DISPUTED FACTUAL AND LEGAL ISSUES**

23        The principal legal issues that the parties dispute are:

24        1.      Whether the SFHA injured the KHANS in violation of the federal Fair Housing

25   Act, specifically:

26

27                a.      Whether the SFHA made housing unavailable or denied a dwelling to

28                the KHANS because of religion or national origin, in violation of 42 U.S.C.

---

§ 3604(a);

  b. Whether the SFHA discriminated in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of the KHANS' religion or national origin, in violation of 42 U.S.C. § 3604(b); and/or

  c. Whether the SFHA intimidated, threatened or interfered with the KHAN's exercise of enjoyment of, or on account of his having exercised or enjoyed, any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

 2. Whether the SFHA interfered with the KHANS' right to hold property free from harassment or intimidation because of their race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982.

 3. Whether Defendants violated the Fair Employment and Housing Act. (See paragraph 5 below regarding Defendant's contention).

 4. Whether Defendants violated the Unruh Civil Rights Act. (See paragraph 6 below regarding Defendant's contention).

 5. Whether Plaintiffs' Third Claims for Relief alleging violation of the California Fair Housing and Employment Act is barred by the provisions of California Government Code section 954.6. Only if such claim is not time-barred does the issue of whether the SFHA has violated the California Fair Employment and Housing Act arise.

 6. Whether Plaintiffs' Fourth Claims for Relief alleging violation of the California Unruh Act is barred by the provisions of California Government Code section 954.6. Only if such claim is not time barred does the issue of whether the SFHA violated Cal. Civ. Code § 51, *et seq.*, arise.

///

## MOTIONS

Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Third and Fourth Claims for Relief for failure to state a claim is pending in this action. Plaintiffs intend to oppose this motion. This court will hear Defendant's Motion on May 1, 2008.

## AMENDMENT OF PLEADINGS

Defendant contends that no leave to amend should be granted as to Plaintiff's Third and Fourth Claims for Relief because the expiration of the applicable Statute of Limitations cannot be cured by amendment. Defendant SFHA has not yet filed its Answer pending the outcome of its Rule 12(b)(6) Motion.

## EVIDENCE PRESERVATION

Defendant SFHA has maintained all relevant records, including documents generated in SFHA's investigations and hearing regarding the KHANS' claims. Plaintiffs have also maintained all relevant records.

## DISCLOSURES

The parties will serve their initial disclosures on April 28, 2008.

## DISCOVERY

No discovery has taken place to date.

A.    DISCOVERY DEADLINES

The parties were not able to reach an agreement on discovery deadlines or a discovery schedule. SFHA believes that discovery cannot reasonably be completed within the time frame proposed by the Plaintiffs because this is a complex matter involving claims of violations of civil rights and a "pattern and practice" of discrimination against Muslim tenants. Accordingly, discovery will include, at a minimum, depositions of similarly situated tenants, depositions of tenants who have made similar complaints, depositions of tenants with similar familial composition, as well as depositions of the Plaintiffs.

Plaintiffs request that the Court set the following discovery deadlines:

1.      All discovery completed by January 30, 2009.

2.      All expert witness disclosures with written reports pursuant to Rule 26(a)(2) will be made by November 14, 2008.

3.      Rebuttal experts and/or supplements to the Expert Witness Disclosures under Rule 26(e) will be made no later than December 15, 2008.

Defendant requests that the Court set the following deadlines:

1.      All discovery completed by April 30, 2009.

2.      All expert witness disclosures with written reports pursuant to Rule 26(a)(2) will be made by December 31, 2008.

4.      Rebuttal experts and/or supplements to the Expert Witness Disclosures under Rule 26(e) will be made within a reasonable time, not to exceed 30 days.

B.      DISCOVERY PLAN

1.      <u>Limitations</u>: The parties propose the limitations of Federal Rules of Civil Procedure.

2.      <u>Electronically Stored Information (ESI)</u>: The parties agree that ESI will be produced in its native format.

3.      <u>Privileged or Trial Preparation Materials</u>: The parties do not anticipate any issues over privileged or trial preparation materials.

4.      <u>Procedural Limitations on Discovery</u>: The parties do not believe that any procedural limitations such as discovery conducted in phases or focused on particular issues is necessary.

5.      <u>Subjects on Which Discovery May Be Needed</u>:

a. Plaintiffs:  Defendant's response to Plaintiffs' report of a hate crime; Defendant's polices and practices regarding hate crimes; Prior hate crime complaints and Defendant's response thereto; identity of potential witnesses including tenants, former tenants,

employees and former employees; Defendant's training of employees regarding its hate crime and fair housing policy; Defendant's investigation of Plaintiffs' complaint; Defendant's rental policies and practices.

b.  Defendants:  Plaintiffs' reports of alleged hate crimes to Defendant; identity of alleged perpetrators; identity of potential witnesses; facts allegedly supporting and contentions regarding Plaintiff's allegations of liability; facts allegedly supporting and contentions regarding Plaintiff's allegations of damages.

### CLASS ACTIONS

Not applicable.

### RELATED CASES

The Court has found that *United States of America (Al-Abas) v.  San Francisco Housing Authority*, United States District Court for the Northern District of California, Case No. C 02-04540-CW, is a related case.

### RELIEF

Plaintiffs seek compensatory damages and statutory damages.  Plaintiffs also seek a declaratory judgment finding that the Defendant's actions violate the Fair Housing Act of 1968. Plaintiffs seek an injunction directing Defendant and its directors, officers, agents and employees to remedy the effects of the alleged illegal and discriminatory conduct and prevent similar occurrences in the future.  Plaintiffs also seek reasonable attorneys' fees and costs for time and expenses spent by Relman & Dane PLLC.  Plaintiffs do not seek reasonable attorneys' fees and costs for Bay Area Legal Aid.

### SETTLEMENT AND ADR

The parties have held an ADR conference with the ADR office and have selected a hybrid procedure with elements of mediation and early neutral evaluation.

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs will not consent to have a magistrate judge conduct all further proceedings, including Trial and Entry of Judgment.

Defendant will consent to have a magistrate judge conduct all further proceedings, including Trial and Entry of Judgment.

**OTHER REFERENCES**

This case is not suitable for reference to Binding Arbitration, a Special Master, or the Judicial Panel on multi-district litigation.

**NARROWING OF ISSUES**

Defendant contends that Plaintiffs' Third Claims for Relief alleging violation of the California Fair Housing and Employment Act, and Plaintiffs' Fourth Claims for Relief alleging violation of the California Unruh Act, are barred by the provisions of California Government Code section 954.6.  Plaintiffs intend to oppose this motion.  Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Third and Fourth Claims for Relief for failure to state a claim is set to be heard on May 1, 2008.

**EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis.

**SCHEDULING**

Plaintiffs request that the Court set the following deadlines:

| | | |
|---|---|---|
| 1) | Designation of all experts: | November 14, 2008 |
| 2) | Discovery cutoff: | January 30, 2009 |
| 3) | Hearing of dispositive motions: | March 2009 |
| 4) | Pretrial conference: | April 2009 |
| 5) | Trial: | May 2009 |

Defendant requests that the Court set the following deadlines:

1)  Designation of experts:              January 31, 2009

2)  Discovery cutoff:                    April 30, 2009

3)  Hearing of dispositive motions:      July 31, 2009

4)  Pretrial conference:                 September 30, 2009

5)  Trial:                               October 16, 2009

SFHA believes that discovery cannot reasonably be completed, and trial cannot meaningfully proceed, within the time frame proposed by the Plaintiffs because this is a complex matter involving claims of violations of civil rights and a "pattern and practice" of discrimination against Muslim tenants.

### TRIAL

Plaintiffs and Defendant both demand a Jury Trial.  The parties anticipate Trial will last 6 to 8 days.

### DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Local Rule 3-16, Defendant SFHA, a governmental entity, is not required to file a Certification of Interested Entities or Persons.

Plaintiffs state that no other person, firm, partnership, corporation, or other entity known to Plaintiffs have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

DATED:  April 24, 2008                    CHOLAKIAN & ASSOCIATES


                                          By ___s/_____.
                                          KEVIN K. CHOLAKIAN
                                          VIVIAN LEUNG LERCHE
                                          Attorneys for Defendant
                                          SAN FRANCISCO HOUSING
                                          AUTHORITY

1    DATED:  April 24, 2008                              RELMAN & DANE, PLLC

2

3                                                        By___s/_____

4                                                        D. Scott Chang
                                                         John P. Relman

5                                                        BAY AREA LEGAL AID

6                                                        By___s/_____

7                                                        M. Julie Patino

8                                                        Attorneys for Plaintiffs
                                                         AHSAN KAHN, et al.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
**NORTHERN DISTRICT OF CALIFORNIA**

I hereby certify that on April 24, 2008, a copy of the foregoing Joint Case Management Conference Statement was electronically filed and by operation of the Court's ECF System was served upon the following:

Kevin K. Cholakian
Vivian Leung Lerche
**Cholakian & Associates**
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Telephone: 415-467-8200

　　　　　　　　　　　　　　　/s/ Kate Berry_____
　　　　　　　　　　　　　　　　Kate Berry