KEVIN K. CHOLAKIAN (S.B. # 103423)
VIVIAN L. LERCHE (S.B. # 149984)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Telephone: (415) 467-8200
Facsimile: (415) 467-8206
kcholakian@cholakian.net
vlerche@cholakian.net

Attorneys for Defendant
SAN FRANCISCO HOUSING AUTHORITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AHSAN KHAN, et al. <br><br> Plaintiffs, <br> vs. <br><br> SAN FRANCISCO HOUSING AUTHORITY, <br><br> Defendant. | Case No.: CV-07-6209-CW <br><br> **DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF** |

COMES NOW defendant SAN FRANCISCO HOUSING AUTHORITY (hereafter "SFHA" or "this answering defendant") and answers the unverified First Amended Complaint (herafter, for brevity, "Complaint") of plaintiffs, as follows:

**ANSWERS TO THE ALLEGATIONS SET FORTH IN INTRODUCTION**

1.      In answer to Paragraph 1 of the Complaint, this answering defendant is informed and believes, and based upon such information and belief, admits that Plaintiffs, AHSAN KHAN and SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

1

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

1    KHAN, and REHANA KHAN, individually, (collectively the Khan family) bring this action for

2    injunctive, declaratory and monetary relief against Defendant San Francisco Housing Authority

3    (SFHA) under federal and state fair housing laws. This answering defendant denies the

4    remaining allegations contained in Paragraph 1 of the Complaint.

5         2.    In answer to Paragraph 2 of the Complaint, this answering defendant is informed

6    and believes, and based upon such information and belief, admits that the plaintiffs are of the

7    Islamic faith, and Pakistan is their country of origin. This answering defendant is informed and

8    believes, and based upon such information and belief, admits that Mr. Khan speaks limited

9    English and cannot read English. This answering defendant admits that, in 2005, the plaintiffs

10    moved into an apartment building owned and managed by SFHA. This answering defendant

11    denies the remaining allegations contained in Paragraph 2 of the Complaint.

12

13         3.    In answer to Paragraph 3 of the Complaint, this answering defendant is informed

14    and believes, and based upon such information and belief, admits that, in August 2005, the

15    plaintiffs' apartment was broken into. This answering defendant denies the remaining

16    allegations contained in Paragraph 3 of the Complaint.

17         4.    In answer to Paragraph 4 of the Complaint, this answering defendant denies the

18    allegations contained in Paragraph 4 of the Complaint, with the clarification that this answering

19    defendant is without knowledge or information sufficient to form a belief as to the reason why

20    plaintiffs did not return to live in the apartment and on that basis denies this allegation.

21         5.    In answer to Paragraph 5 of the Complaint, this answering defendant denies that

22    it acted with callous indifference to the plaintiffs' situation. This answering defendant admits the

23    remaining allegations contained in Paragraph 5 of the Complaint, with the clarification that the

24    claims on behalf of Muslim tenants were alleged by Interveners.

25         6.    In answer to Paragraph 6 of the Complaint, this answering defendant admits that,

26    at the conclusion of extensive discovery, the parties entered into a Consent Decree, signed by

27    this Court. Among his terms, the Decree provided that the Court would have jurisdiction over

28    SFHA for a period of three years, until January 2007, and mandated that the Housing Authority

2

1  quickly process transfer applications and provide priority transfers to tenants subjected to

2  religious or national origin harassment. This answering defendant denies the remaining

3  allegations contained in Paragraph 6 of the Complaint.

4      7.    In answer to Paragraph 7 of the Complaint, this answering defendant denies each

5  and every allegation contained therein.

6      8.    In answer to Paragraph 8 of the Complaint, this answering defendant denies that

7  it acted with callous and reckless disregard of the plaintiffs federally protected rights, or the

8  obligations specifically agreed to in the Consent Decree, or that the plaintiffs were injured as a

9  result of the conduct of SFHA.  This answering defendant is without knowledge or information

10  sufficient to form a belief as to the truth or falsity of the remaining allegations, and on that basis,

11  denies the remaining allegations contained in Paragraph 8 of the Complaint.

12      9.    In answer to Paragraph 9 of the Complaint, this answering defendant denies that

13  the plaintiffs were injured as a result of the conduct of SFHA and denies that plaintiffs are

14  entitled to the damages they seek.  This answering defendant is informed and believes, and based

15  upon such information and belief, admits that the plaintiffs are seeking the alleged injunctive

16  relief and damages, but deny that plaintiffs are entitled to such injunctive relief or damages.

17  **II.    JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

18      10.    In answer to Paragraph 10 of the Complaint, this answering defendant admits the

19  allegations contained in Paragraph 10 of the Complaint.

20      11.    In answer to Paragraph 11 of the Complaint, this answering defendant admits the

21  allegations contained in Paragraph 11 of the Complaint.

22      12.    In answer to Paragraph 12 of the Complaint, this answering defendant admits the

23  remaining allegations contained in Paragraph 12 of the Complaint.

24  **III.    PARTIES**

25      13.    In answer to Paragraph 13 of the Complaint, this answering defendant admits that

26  Potrero Terrace is owned and operated by Defendant SFHA and located in the City and County

27  of San Francisco, California. This answering defendant is informed and believes, and based upon

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

1  such information and belief, admits the remaining allegations contained in Paragraph 13 of the

2  Complaint.

3      14.    In answer to Paragraph 14 of the Complaint, this answering defendant is informed

4  and believes, and based upon such information and belief, admits the allegations contained in

5  Paragraph 14 of the Complaint.

6      15.    In answer to Paragraph 15 of the Complaint, this answering defendant is informed

7  and believes, and based upon such information and belief, admits the allegations contained in

8  Paragraph 15 of the Complaint.

9      16.    In answer to Paragraph 16 of the Complaint, this answering defendant admits the

10  allegations contained in Paragraph 16 of the Complaint.

11  **IV.    ANSWERS TO THE ALLEGATIONS SET FORTH IN FACTUAL**

12  **ALLEGATIONS**

13      17.    In answer to Paragraph 17 of the Complaint, this answering defendant is informed

14  and believes, and based upon such information and belief, admits the allegations contained in

15  Paragraph 17 of the Complaint.

16      18.    In answer to Paragraph 18 of the Complaint, this answering defendant is

17  informed and believes, and based upon such information and belief, admits the allegations

18  contained in Paragraph 18 of the Complaint.

19      19.    In answer to Paragraph 19 of the Complaint, this answering defendant is without

20  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations,

21  and on that basis, denies the allegations contained in Paragraph 19 of the Complaint.

22      20.    In answer to Paragraph 20 of the Complaint, this answering defendant is without

23  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations,

24  and on that basis, denies the allegations contained in Paragraph 20 of the Complaint.

25      21.    In answer to Paragraph 21 of the Complaint, this answering defendant is without

26  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations,

27  and on that basis, denies the allegations contained in Paragraph 21 of the Complaint.

28      22.    In answer to Paragraph 22 of the Complaint, this answering defendant is informed

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

1 and believes that, on or about August 28, 2005, plaintiffs left their apartment and, when they

2 came home later that day, found their apartment had been ransacked and many of their personal

3 possessions gone and that plaintiffs called the police. This answering defendant denies that the

4 break-in was a hate crime perpetrated against the plaintiffs because of their religion and national

5 origin. This answering defendant is without knowledge or information sufficient to form a belief

6 as to the truth or falsity of the remaining allegations, and on that basis, denies the remaining

7 allegations contained in Paragraph 22 of the Complaint.

8       23.    In answer to Paragraph 23 of the Complaint, this answering defendant admits that

9 the police discovered that the perpetrator(s) had used a crawl space behind the interior wall of

10 the plaintiff's living room to enter the apartment. This answering defendant denies the remaining

11 allegations contained in Paragraph 23 of the Complaint.

12       24.    In answer to Paragraph 24 of the Complaint, this answering defendant is without

13 knowledge or information sufficient to form a belief as to the truth or falsity of the allegations,

14 and on that basis, denies the allegations contained in Paragraph 24 of the Complaint.

15       25.    In answer to Paragraph 25 of the Complaint, this answering defendant admits that

16 on August 29, 2005, Mr. Khan, accompanied by a friend, spoke with the manager of the

17 apartment complex to report that someone had broken into his family's apartment the previous

18 day. This answering defendant denies the remaining allegations contained in Paragraph 25 of

19 the Complaint.

20       26.    In answer to Paragraph 26 of the Complaint, this answering defendant admits that

21 the manager gave him a transfer form and asked him to fill it out, and that Mr. Khan eventually

22 submitted the completed form to the manager. This answering defendant is without knowledge

23 or information sufficient to form a belief as to the truth or falsity of the allegations regarding

24 whether Mr. Khan's friend, Mr. Rajput, completed the transfer request for Mr. Khan, and on that

25 basis, denies these allegations. This answering defendant additionally denies the remaining

26 allegations contained in Paragraph 26 of the Complaint.

27       27.    In answer to Paragraph 27 of the Complaint, this answering defendant is currently

28 without knowledge or information sufficient to form a belief as to the truth or falsity of the

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

5

1    allegations, and on that basis, denies the allegations contained in Paragraph 27 of the Complaint.

2        28.    In answer to Paragraph 28 of the Complaint, this answering defendant admits that

3    Mr. Khan contacted the manager on more than one occasion to check on the status of their

4    transfer request.  This answering defendant is without knowledge or information sufficient to

5    form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies the

6    remaining allegations contained in Paragraph 28 of the Complaint. This answering defendant

7    additionally denies the remaining allegations contained in Paragraph 28 of the Complaint.

8        29.    In answer to Paragraph 29 of the Complaint, this answering defendant is informed

9    and believes, and based upon such information and belief, admits that plaintiffs' apartment may

10    have been burglarized on more than one occasion and that the items stolen may have included

11    furniture and large appliances. This answering defendant denies the remaining allegations

12    contained in Paragraph 29 of the Complaint.

13        30.    In answer to Paragraph 30 of the Complaint, this answering defendant admits

14    that, as director of the eligibility department, Ms. Sparks was charged with the responsibility of

15    determining eligibility for transfers, including priority transfers for alleged victims of hate

16    crimes.  This answering defendant is without knowledge or information sufficient to form a

17    belief as to the truth or falsity of the remaining allegations, and on that basis, denies the

18    remaining allegations contained in Paragraph 30 of the Complaint.

19        31.    In answer to Paragraph 31 of the Complaint, this answering defendant is without

20    knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

21    allegations, and on that basis, denies the remaining allegations contained in Paragraph 31 of the

22    Complaint.

23        32.    In answer to Paragraph 32 of the Complaint, this answering defendant admits that

24    Ms. Sparks determined that the plaintiffs did not meet the criteria for a priority transfer and, by

25    letter dated September 8, 2005, Ms. Sparks denied plaintiffs' request for a priority transfer. This

26    answering defendant denies the remaining allegations contained in Paragraph 32 of the

27    Complaint.

28        33.    In answer to Paragraph 33 of the Complaint, this answering defendant admits that

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

6

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

1   SFHA's civil rights policy provides for redress, and in some instances tenants may be eligible

2   for transfer, if they have been victims of a of a civil rights incident; and sets forth several indicia

3   of a civil rights incident including bias-related drawings at the scene of an incident, objects used

4   in the crime indicating bias, the victims are members of ethnic/national origin outnumbered by

5   members of another group at the apartment complex where the incident occurred, and, the

6   victims perceive that the incident was motivated by bias. This answering defendant denies the

7   remaining allegations contained in Paragraph 33 of the Complaint.

8        34.    In answer to Paragraph 34 of the Complaint, this answering defendant denies that

9   Ms. Sparks violated SFHA policy in declining to provide plaintiffs with a priority transfer.  This

10  answering defendant is without knowledge or information sufficient to form a belief as to the

11  truth or falsity of the remaining allegations, and on that basis, denies the remaining allegations

12  contained in Paragraph 34 of the Complaint.

13       35.    In answer to Paragraph 35 of the Complaint, this answering defendant admits that

14  Ms. Crawford requested a grievance hearing by letter dated September 17, 2005 and a grievance

15  hearing took place on October 6, 2005. This answering defendant is without knowledge or

16  information sufficient to form a belief as to the truth or falsity of the remaining allegations, and

17  on that basis, denies the remaining allegations contained in Paragraph 35 of the Complaint.

18       36.    In answer to Paragraph 36 of the Complaint, this answering defendant admits that

19  a grievance hearing was held on October 6, 2005.  This answering defendant denies the

20  remaining allegations contained in Paragraph 36 of the Complaint.

21       37.    In answer to Paragraph 37 of the Complaint, this answering defendant admits

22  that, on November 1, 2005, SFHA notified Mr. Khan that he is receiving an offer of housing,

23  although the unit was not ready for immediate move-in, and required him to accept or decline

24  the offer within 24 hours, and also notified him that failure to accept this unit without "good

25  cause" will result in his name being removed from the priority transfer waiting list.  This

26  answering defendant is without knowledge or information sufficient to form a belief as to the

27  truth or falsity of the allegation that plaintiffs continue to reside in a small apartment or the level

28  of their need for safe and affordable housing, and on that basis, denies these allegations.  Further,

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

1  this answering defendant denies the remaining allegations contained in Paragraph 37 of the

2  Complaint.

3      38.    In answer to Paragraph 38 of the Complaint, this answering defendant is informed

4  and believes, and based upon such information and belief, admits that Mr. and Mrs. Khan went

5  to view the apartment with the SFHA manager for that property and that Mr. Khan informed

6  SFHA that they would not accept the apartment. This answering defendant denies the remaining

7  allegations contained in Paragraph 38 of the Complaint.

8      39.    In answer to Paragraph 39 of the Complaint, this answering defendant admits that

9  it issued a written demand for payment of rent for the apartment at Potrero Terrace for the month

10  of September to December 2005 and that the language of the notice stated that Mr. and Mrs.

11  Khan were required to pay rent in full, or deliver up possession of the premises, within 14 days

12  or legal action will be commenced.  This answering defendant denies the remaining allegations

13  contained in Paragraph 39 of the Complaint.

14      40.    In answer to Paragraph 40 of the Complaint, this answering defendant denies the

15  allegations contained in Paragraph 40 of the Complaint.

16      41.    In answer to Paragraph 41 of the Complaint, this answering defendant admits that

17  such allegations were made, but denies that the allegations are true.

18      42.    In answer to Paragraph 42 of the Complaint, this answering defendant admits that

19  such allegations were made, but denies that the allegations are true.

20      43.    In answer to Paragraph 43 of the Complaint, this answering defendant admits the

21  allegations contained in Paragraph 43 of the Complaint.

22      44.    In answer to Paragraph 44 of the Complaint, this answering defendant admits that

23  such allegations were made, but denies that the allegations are true.

24      45.    In answer to Paragraph 45 of the Complaint, this answering defendant admits that

25  such allegations were made, but denies that the allegations are true.

26      46.    In answer to Paragraph 46 of the Complaint, this answering defendant admits that

27  such allegations.

28      47.    In answer to Paragraph 47 of the Complaint, this answering defendant denies the

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

1    allegations contained in Paragraph 47 of the Complaint.

2        48.    In answer to Paragraph 48 of the Complaint, this answering defendant admits

3 that, under the terms of the consent decree, upon an allegation of a civil rights violation incident,

4 the property manager at Potrero Terrace was required to report the incident to the SFHA Office

5 of Fair Housing and the Office of Fair Housing was required to conduct an independent

6 investigation into the matter and, when possible, assist in identifying the perpetrator. This

7 answering defendant denies the remaining allegations contained in Paragraph 48 of the

8 Complaint.

9        49.    In answer to Paragraph 49 of the Complaint, this answering defendant admits that

10 Nanette Sparks was he manager of the eligibility department and that she had notice of the terms

11 of the decree and received a mandatory civil rights training and has responsibility for

12 implementing the decree and providing priority transfer <u>if</u> it is found that the incident met the

13 criteria of an "immediate threat to the life of a member" due to a "hate crime". This answering

14 defendant denies the remaining allegations contained in Paragraph 49 of the Complaint.

15        50.    In answer to Paragraph 50 of the Complaint, this answering defendant admits that

16 Ms. Sparks denied the plaintiffs' request for a priority transfer. This answering defendant denies

17 the remaining allegations contained in Paragraph 50 of the Complaint.

18        51.    In answer to Paragraph 51 of the Complaint, this answering defendant is informed

19 and believes, and based upon such information and belief, admits that Mr. and Mrs. Khan filed

20 an administrative complaint on behalf of themselves and their children with the United States

21 Department of Housing and Urban Development (HUD) on April 7, 2006.  This answering

22 defendant denies the remaining allegations contained in Paragraph 51 of the Complaint.

23        52.    In answer to Paragraph 52 of the Complaint, this answering defendant admits that

24 HUD conducted an investigation and issued a "no probable cause" determination on or about

25 July 19, 2006.  This answering defendant denies the remaining allegations contained in

26 Paragraph 52 of the Complaint.

27        53.    In answer to Paragraph 53 of the Complaint, this answering defendant admits that

28 plaintiffs' attorney filed a tort claim with the Housing Authority under Government Code section

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

1  910 and that SFHA rejected this claim by letter dated May 3, 2006.  This answering defendant

2  denies the remaining allegations contained in Paragraph 53 of the Complaint.

3       54.     In answer to Paragraph 54 of the Complaint, this answering defendant denies the

4  allegations contained in Paragraph 54 of the Complaint.

5       55.     In answer to Paragraph 55 of the Complaint, this answering defendant denies that

6  plaintiffs were damaged due to any conduct of SFHA.  This answering defendant is without

7  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

8  allegations, and on that basis, denies the allegations contained in Paragraph 55 of the Complaint.

9       56.     In answer to Paragraph 56 of the Complaint, this answering defendant denies that

10  plaintiffs were damaged due to any conduct of SFHA.  This answering defendant is without

11  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

12  allegations, and on that basis, denies the allegations contained in Paragraph 56 of the Complaint.

13       57.     In answer to Paragraph 57 of the Complaint, this answering defendant denies that

14  plaintiffs were damaged due to any conduct of SFHA and denies that SFHA refused to provide

15  plaintiffs with a transfer to safe and affordable housing.  This answering defendant is without

16  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

17  allegations, and on that basis, denies the allegations contained in Paragraph 57 of the Complaint.

18       58.     In answer to Paragraph 58 of the Complaint, this answering defendant denies the

19  allegations contained in Paragraph 58 of the Complaint.

20       59.     In answer to Paragraph 59 of the Complaint, this answering defendant denies the

21  allegations contained in Paragraph 59 of the Complaint.

22       60.     In answer to Paragraph 60 of the Complaint, this answering defendant denies the

23  allegations contained in Paragraph 60 of the Complaint.

24  **ANSWERS TO THE ALLEGATIONS OF THE FIRST CLAIM FOR RELIEF**

25  **[Federal Fair Housing Act]**

26       61.     In answer to Paragraph 61 of the Complaint, this answering defendant

27  incorporates by reference the answers to Paragraphs 1 through 60 above, as if fully set forth

28  herein.

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

62.    In answer to Paragraph 62 of the Complaint, this answering defendant denies the allegations contained in Paragraph 62 of the Complaint.

## ANSWERS TO THE ALLEGATIONS OF THE SECOND CLAIM FOR RELIEF

### [Civil Rights Act of 1866]

63.    In answer to Paragraph 63 of the Complaint, this answering defendant incorporates by reference the answers to Paragraphs 1 through 60 above, as if fully set forth herein.

64.    In answer to Paragraph 64 of the Complaint, this answering defendant denies the allegations contained in Paragraph 64 of the Complaint.

## ANSWERS TO THE ALLEGATIONS OF THE THIRD CLAIM FOR RELIEF

### [California Fair Employment and Housing Act]

65.    In answer to Paragraph 65 of the Complaint, this answering defendant incorporates by reference the answers to Paragraphs 1 through 60 above, as if fully set forth herein.

66.    In answer to Paragraph 66 of the Complaint, this answering defendant denies the allegations contained in Paragraph 66 of the Complaint.

## ANSWERS TO THE ALLEGATIONS OF THE FOURTH CLAIM FOR RELIEF

### [California Unruh Act]

67.    In answer to Paragraph 67 of the Complaint, this answering defendant incorporates by reference the answers to Paragraphs 1 through 60 above, as if fully set forth herein.

68.    In answer to Paragraph 68 of the Complaint, this answering defendant denies the allegations contained in Paragraph 68 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

**AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant alleges that the Complaint fails to state facts sufficient to constitute a claim upon which relief

LAW OFFICES OF
**CHOLAKIAN & ASSOCIATES**
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

can be granted against this answering defendant.

**AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant alleges that the injuries, loss and damages of which plaintiff complains, if there were any, were proximately caused by the acts or omissions of parties other than this answering defendant.

**AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant alleges that any recovery for the injuries and damages alleged in the Complaint are barred, in whole or in part, by reason of plaintiffs' own negligence or intentional conduct and, therefore, plaintiffs' recovery, if any, should be reduced in proportion to the percentage of his comparative negligence, fault or bad faith.

**AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant avers that if it is found liable, that their degree of responsibility and liability for the damages arising from the injuries and damages allegedly sustained by the plaintiffs be determined, and that it be held liable only for that portion of the total damages in proportion to its liability for same.

**AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant alleges that prior to commencement of this action, defendant duly performed and discharged all duties and obligations it may have owed to the plaintiffs arising out of any and all agreements, decrees, representations or contracts made by the parties or on behalf of this answering defendant.

**AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant, at all times pertinent herein, acted in good faith, without ulterior reasons and with honest intent towards plaintiffs.

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

1    **AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

2    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF**, this answering defendant, at

3    all times relevant herein, complied with all applicable provisions of federal law, state law and

4    local ordinances, including but not limited to the Federal Fair Housing Act, Civil Rights Act of

5    1866, California Fair Employment and Housing Act, California Unruh Act, and all applicable

6    provisions of the United States Code, California Civil Code, California Government Code,

7    California Health and Safety Code and California implementing regulations.

8    **AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

9    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF**, this answering defendant

10   alleges that plaintiff has waived, or is estopped from alleging, the matters set forth in the

11   Complaint.

12   **AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

13   **COMPLAINT AND EACH PURPORTED CLAIM THEREOF**, this answering defendant

14   alleges that plaintiffs failed to mitigate their alleged damages.

15   **AS AN TENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

16   **COMPLAINT AND EACH PURPORTED CLAIM THEREOF**, this answering defendant

17   alleges that plaintiffs' Complaint is barred by the doctrine of laches.

18   **AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

19   **COMPLAINT AND EACH PURPORTED CLAIM THEREOF**, this answering defendant

20   alleges that plaintiffs' Complaint is barred by the doctrine of unclean hands.

21   **AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

22   **COMPLAINT AND EACH PURPORTED CLAIM THEREOF**, this answering defendant

23   alleges that plaintiffs should be denied recovery under the Complaint, and each purported claim

24   thereof, because plaintiffs' conduct was manifestly unreasonable.

25   **AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

26   **COMPLAINT AND EACH PURPORTED CLAIM THEREOF**, this answering defendant

27   alleges that plaintiffs' Complaint, and each purported claim thereof, is barred by the applicable

28

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

1    statute of limitations, including but not limited to California Government Code section 945.6.

2           **AS AN FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

3    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

4    alleges that reasonable cause does not exist to believe that a discriminatory housing practice had

5    occurred.

6           **AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

7    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

8    alleges that the acts or omissions alleged in the Complaint are not discriminatory, but instead are

9    due to a legitimate, non-discriminatory, reason.

10           **AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

11    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

12    alleges that alleges that any and all duties and obligations owed to plaintiffs have been satisfied.

13           **AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

14    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

15    alleges that plaintiffs failed to comply with their statutory and contractual duties and obligations

16    under the lease, thereby excusing this answering defendant's duties and obligations.

17           **AS AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

18    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

19    alleges that plaintiffs failed to provide proper notice of the alleged violations prior to filing suit,

20    as required under California law, to afford them an opportunity to investigate and remedy the

21    alleged violations, if there were any.

22           **AS A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

23    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

24    alleges that to the extent defendant engaged in any of the acts alleged in the Complaint, such acts

25    or omissions were privileged or justified.

26           **AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

27    **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

28

14

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

1  alleges that plaintiffs' alleged damages, if any, are speculative, uncertain and not capable of

2  determination by a finder of fact.

3         **AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

4  **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

5  alleges that it was at all times acting in good faith and with due care, and has qualified

6  immunities for each and every act undertaken by them with respect to plaintiff's alleged claims.

7         **AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

8  **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

9  alleges that its conduct is mandated, authorized and/or directed by laws, regulations or acts of

10  the State of California and therefore this answering defendant is entitled to complete immunity

11  and/or to a qualified immunity.

12         **AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

13  **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

14  alleges that plaintiffs are not entitled to attorneys' fees for this litigation.

15         **AS A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO**

16  **THE COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering

17  defendant alleges that it did not act with malice, oppression or fraud toward plaintiffs and,

18  therefore, plaintiffs are not entitled to an award of punitive damages or exemplary damages

19  against defendant.

20         **AS A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

21  **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

22  allege that the imposition of punitive damages would constitute a denial to defendant of due

23  process of law and of equal protection of the laws in violation of the Fifth and Fourteenth

24  Amendments to the United States Constitution, and of Article I, Section 7 of the California

25  Constitution.

26         **AS A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

27  **COMPLAINT AND EACH PURPORTED CLAIM THEREOF,** this answering defendant

28

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

15

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

1  reserves the right to allege other affirmative defenses as may become known through the course

2  of discovery.

3       **WHEREFORE**, this answering defendant prays for judgment as follows:

4  1.    That plaintiffs take nothing by reason of this action;

5  2.    That this answering defendant be awarded its costs of suit;

6  3.    That this answering defendant be awarded attorneys' fees;

7  4.    For other such relief as the Court shall deem just and proper.

8

   DATED: May 19, 2008                    CHOLAKIAN & ASSOCIATES

9

10

                                          By:____/S/_____
11                                        KEVIN K. CHOLAKIAN
                                          VIVIAN LEUNG LERCHE
12                                        Attorneys for Defendant
                                          SAN FRANCISCO HOUSING AUTHORITY
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

16

DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. CV-07-6209-CW

| | |
|---|---|
| _Ahsan Khan et al. v. San Francisco Housing Authority_ | U.S. District Court, Northern District of California; Case No. CV 07-6209 CW |

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. My business address is 5 Thomas Mellon Circle, Suite 105, San Francisco, California 94134. I am employed in the County of San Francisco where this service occurs. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U. S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served or caused to be served the within:

**DEFENDANT SAN FRANCISCO HOUSING AUTHORITY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF**

on the interested parties to this action by transmitting a true and correct copy via e-mail addressed as follows:

D. Scott Chang, SBN 146403
Mary J. Hahn*
John P. Relman*
Relman & Dane, PLLC
1225 19th Street, N.W., Suite 600
Washington, DC 20036-2456
Telephone: (202) 728-1888 / Fax: (202) 728-0848
schang@relmanlaw.com
mhahn@relmanlaw.com
jrelman@relmanlaw.com

Attorneys for **Plaintiffs**
AHSAN KHAN AND SALEHA KHAN, individually and on behalf of their minor children, IRFAN KHAN, ASIF KHAN, NOREEN KHAN, KAYNAT KHAN, LAIBA KHAN and BILAL KHAN, and RHEANNA KHAN, individually

M. Julie Patino, SBN 250375
Adam J, Zapala, SBN 245748
Bay Area Legal Aid
2 West Santa Clara Street, 8th Floor
San Jose, CA 95113
Telephone: (408) 283-3700 / Fax: (408) 283-3750
Jpatino@baylegal.org
AZapala@baylegal.org

| | |
|---|---|
| ☒ | (BY E-MAIL) I sent an electronic copy on the date below |
| ☐ | (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| ☒ | (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service is made. |

Executed on **May 19, 2008**, at San Francisco, California.

_____
Fanny Lay

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134

300 022

- 1 -